# Robinson v. Darden.

*Action on Promissory Note, by Beneficial Payee against Maker.*

*Amendment of complaint.* — In an action on a promissory note, payable to a third person as guardian of the plaintiff, if the complaint does not show that the note is the property of the plaintiff, the defect may be remedied (Rev. Code, § 2809) by amendment.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. L. B. STRANGE.
The complaint in this case was in these words: —

"Joseph D. Robinson ⎫ Chambers County Circuit
      *v.* ⎬ Court, Fall Term, A. D. 1869.
William C. Darden. ⎭ The plaintiff claims of the
defendant sixteen hundred and thirty-two $\frac{26}{100}$ dollars, due by promissory note made by him and J. M. Harrington, security, on the 28th day of December, 1859, and payable by the 1st day of January, 1862, together with interest thereon."

The defendant pleaded *non assumpsit*, "with leave to give

[Robinson *v.* Darden.]

in evidence any matter which in law constitutes a bar to this suit;" and on this plea issue was joined. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a promissory note signed by the defendant and J. M. Harrington, in these words: "By the first day of January, 1862, we, or either of us, promise to pay James J. Robinson, guardian for Joseph D. Robinson, for a negro boy named William, about twenty-three years old, sixteen hundred and thirty-two $\frac{96}{100}$ dollars, value received, Dec. 28, 1859." The court excluded this note from the jury, on motion of the defendant, on account of the variance between it and the note described in the complaint. The plaintiff then asked leave to amend his complaint, so that it should read as follows: "The plaintiff claims of the defendant the sum of sixteen hundred and thirty-two $\frac{96}{100}$ dollars, due by promissory note made by him and J. M. Harrington, who is not sued, on the 28th day of December, 1859, payable to James J. Robinson, guardian for Joseph D. Robinson, by the first day of January, 1862, with interest thereon; which said note is the property of the plaintiff." The court refused to permit the amendment to be made, and the plaintiff was thereby compelled to take a nonsuit, with a bill of exceptions; and he now moves to set aside the judgment of nonsuit, assigning as error the refusal of the court to permit the amendment of the complaint as proposed.

W. H. BARNES, for appellant.

W. H. DENSON, *contra.*

PETERS, C. J.— Very clearly, the amendment in this case should have been permitted. The right to amend the complaint is absolute, and not merely discretionary. The language of the statute is peremptory; and it should be allowed even after the evidence has been closed, and the argument concluded, and the jury have been instructed. *Prater* v. *Miller*, 25 Ala. 320. The power to amend should be very liberally exercised. *Crimm's Adm'r* v. *Crawford*, 29 Ala. 623. Here the parties remain the same, and the cause of action is the same; but the first complaint failed to show a right of action in the plaintiff. This was merely a defective allegation of title in the plaintiff. Such defect is amendable, and should have been allowed. Rev. Code, § 2809.

The court below erred, therefore, in refusing to allow the amendment, as shown in the bill of exceptions. 1 Brick. Digest, p. 76, §§ 98 *et seq.*

The judgment of nonsuit is reversed and set aside, and the cause is remanded for a new trial.