# Hirschfelder *v.* Mitchell.

*Action on Acceptance of Order for Payment of Money.*

1. *Error without injury.*—Where a question is objected to and motion is made to exclude the answer, and the court excludes the *question* only, the party objecting has no cause of complaint.

2. *Ownership of cause of action; when can not be put in issue.*—The plaintiff's ownership, as averred in the complaint, of a cause of action founded on a contract for the payment of money, can not be denied, unless put in issue by appropriate plea, verified by oath. The plea of the general issue alone will not raise such issue.

3. *Beneficial owner.*—A party named as promisee in a contract for payment of money, and having the instrument in his possession, may maintain an action and recover thereon in his own name, although another has a half interest in the contract. The promisee, having possession and the legal title, may receive payment and give an acquittance to the debtor, and is therefore the beneficial owner within the meaning of § 2523 of the Revised Code.

4. *Refusal to give charges; when not considered.*—The refusal to give charges requested, presents no question for revision on appeal, unless it affirmatively appears that they were asked in writing.

5. *Charges given; when presumed correct.*—Where it is sought to revise charges given by the court of its own motion, all the evidence relating to the question raised by the exception must appear in the bill of exceptions; and an affirmative charge, correct as a legal proposition under any state of facts which could have existed in the case, will be presumed to have been authorized by the evidence, unless the contrary affirmatively appears.

6. *Same.*—The bill of exceptions in this case not setting forth all the evidence, it was held that error was not shown in the charges given *mero motu* by the court below. (MANNING, J., *dissenting, held that the charge should be construed in connection with the copious and uncontradicted evidence set forth in the bill of exceptions, and thus construed was erroneous, in denying effect to the condition on which appellant's acceptance of the order sued on was based, and if there was evidence obviating this conclusion, it devolved on the judge or counsel for appellee to see that it was set forth in the bill of exceptions.*)

APPEAL from Circuit Court of Conecuh.

Tried before Hon. P. O. HARPER.

The appellee, Mitchell, brought this action against the appellant, Hirschfelder, upon an order, as follows: "Mr. Y. S. Hirschfelder, you will please pay Mr. Thomas Mitchell one hundred and seventy-seven 40-100 dollars, and charge to account of W. M. Bradley"; upon which Hirschfelder endorsed: "I obligate myself to pay the within order when the timber of W. M. Bradley is delivered at the 'ferry pass,' according to contract. Y. S. Hirschfelder." The complaint

averred that Bradley delivered the timber according to the contract, &c.

The case was tried on the "plea of the general issue, in short by consent, resulting in verdict and judgment for the plaintiff, and Hirschfelder having reserved a bill of exceptions appealed.

The plaintiff testified, in substance, that he had been employed by Bradley to haul timber "from the place where it was got to the Sepulga river," which he was getting out under contract with Hirschfelder, and the former gave him the order in payment for his services. When Hirschfelder made the endorsement on the order, he promised to pay it in the course of a week, and then offered plaintiff $500, but he could not make change. "Defendant asked plaintiff to whom the order sued on belonged, and he answered that it belonged to himself and his father. Plaintiff, by his attorney, objected to the questions and moved to exclude the answer. The court sustained the objection to the question, and excluded it, and defendant excepted to the decision of the court excluding the question of the plaintiff."

The defendant was then introduced as a witness in his own behalf, and testified that he had made three contracts with Bradley, and never employed plaintiff to haul any timber, but the timber hauled by plaintiff was part of that got out by Bradley under the contract. These contracts were in writing, and their execution having been first duly proved, they were put in evidence. The first of these contracts was dated May 8th, 1872, and was for 70 sticks of timber to be delivered at "Ferry pass," by the 15th day of November of that year.

The next contract was dated on the 4th day of July, 1872, and was for the delivery of 100 sticks of timber by the first day of January, 1873, and on the 9th day of October, 1872, Bradley agreed to deliver 149 sticks at the "head of the bay." Each of these contracts provided that Hirschfelder should make certain advances of money for getting out and hauling the timber; that the timber should be measured at "Ferry pass;" that the timber was to be paid for at certain rates, and the balance due was to be paid when specifications were presented to Hirschfelder at Brooklyn, the place of his residence. These were the only contracts Bradley had with Hirschfelder.

The defendant testified that Bradley failed to comply with his contracts, and that the proceeds of the timber sold still left Bradley largely in his debt for advances made under the contracts; that 65 sticks of the timber were left in the woods, where it was in danger of being burned, and not having been delivered by Bradley, Hirschfelder paid one Cooper to haul

them to the river; that Bradley died in the spring of 1873. When Hirschfelder made the endorsement on the order, there were 20 sticks of timber on the bank of the river, where plaintiff had hauled it under the contract with Bradley, and Cooper rafted it to the "Ferry pass."

Cooper testified that he had formerly been employed by Bradley to haul timber to the river and raft it to "Ferry pass," and after delivering about 200 sticks, Bradley "went frolicking," and Cooper told Hirschfelder that a good deal of the timber was not hauled out of the woods, and witness would have nothing more to do with it unless defendant would pay him for the hauling and rafting. remaining to be done, which Hirschfelder agreed to do, whereupon he and one Hart hauled the balance in the woods, which was about 65 sticks, and then rafted it to "Ferry pass."

The foregoing is an accurate synopsis of all the evidence set forth in the bill of exceptions, which does not state that it contains all the evidence.

The court charged the jury, among other things, as follows: "They should first inquire what timber is referred to which is mentioned in the endorsement on the back of the order. If they should believe from the evidence that it refers to the timber which the plaintiff had delivered at the creek, then the defendant became bound to pay when the timber was delivered at Ferry pass; if the jury should believe that it referred to the timber in the woods, then when this timber was delivered at Ferry pass the defendant's obligation matured; if they should believe it referred to the entire amount of timber which Bradley had agreed to deliver under the contracts in evidence, then defendant's obligation was perfected when the entire amount was delivered. The court further charged the jury, if they believed that under the contracts defendant was to advance money to Bradley to have the timber hauled, and it was delivered at defendant's expense, then it was immaterial whether the timber was delivered by Bradley or some person employed by defendant." The defendant excepted to each of these charges.

The court further charged the jury, at the request of the plaintiff, that they might look to the admissions of Hirschfelder and all the other evidence, to determine whether or not the timber was delivered according to contract, and defendant excepted. The bill of exceptions then recites, the defendant asked the court to give the following charges, and then sets out the charges requested, which the court refused to give, and defendant excepted.

The charges given by the court of its own motion, and at the instance of the plaintiff, the refusal to charge as requested

by the defendant, and the exclusion of the "question" as to the ownership of the order, are each assigned as error.

S. J. CUMMING and T. H. WATTS, for appellant.—1. This case did not come within the influence of the 29th rule of practice. That rule applies only when an action is brought "by any transferee, assignee or endorsee." This suit is brought *by the payee* in the order of Thomas Mitchell.

The only plea filed was the general issue. Under that plea the defendant might show that the plaintiff could not maintain the suit. Such is the common law doctrine, and it is not modified by any provision in our Code.—10 Ala. 491; 8 Ala. 491.

2. As to the charges by the court. All of them are founded on the erroneous idea, that if the timber was delivered at Ferry pass, no matter by whom or at whose expense, then the plaintiff was entitled to recover. If there had been no other evidence before the jury but the order and the defendant's endorsement thereon, then the charges of the court might possibly be sustained. But the jury had before it all three of the contracts, and the further proof that the timber hauled by plaintiff was part of the timber specified and contracted for in the contracts, and that there were *no other timbers* contracted for between Bradley and plaintiff. The charges amounted to an entire ignoring by the court of the last part of the endorsement by the plaintiff, namely, "when the timber of W. M. Bradley is delivered at the Ferry pass *according to contract.*"

J. W. POSEY and N. STALLWORTH, *contra.*—The question put by the defendant to plaintiff was properly ruled out, because there was no plea in as to the ownership of the order sued on.—Revised Code, § 2681; *Broadhead v. Jones,* 39 Ala. 96, and 36 Ala. 703.

The general charge of the court, which was excepted to by the defendant, is correct, because each and all of the clauses or phases of the charge clearly leaves it to the jury to determine what timber was referred to by the endorsement of the defendant on the order sued on, and also to determine whether the timber referred to had been delivered at Ferry pass; and it is very clear that the endorsement does not require that the timber referred to (be it which of the lots it may), should be delivered by Bradley himself; besides, the defendant might be bound to the plaintiff under the evidence in this case, even if all the timber under Bradley's contracts had not been delivered at Ferry pass, by his special and direct promise to pay the plaintiff for his services in hauling

a part of the timber, the benefit of which he received and profited by.

The endorsement and the order sued on in this case, was directly to and in favor of the plaintiff, and the defendant can not deny plaintiff's ownership, and especially without a sworn plea denying his ownership.—38 Ala. 393; 39 Ala. p. 96.

MANNING, J.—Mitchell, the plaintiff below, and promisee in the instrument sued, being under cross-examination as a witness, was asked by the defendant's counsel, to whom the instrument sued on belonged, and answered that it belonged to himself and his father. "His attorney objected to the question and moved to exclude the answer. The court sustained the objection to the *question and excluded it;* and the defendant excepted to the decision of the court excluding the *question* of the plaintiff," (should it not be, of the defendant?) The recital seems to be particular in setting forth that the question only was excluded and not the answer to it, in which case there would appear to be no cause for exception on behalf of defendant. But if the exclusion had been of the answer, there would have been no error. Only the general issue was pleaded. And under the Revised Code, § 2639, "where the defendant relies on a denial of the cause of action *as set forth by the plaintiff,* he may plead the general issue: and in all other cases, the defendant must briefly plead specially the matter of defense, and may by leave of the court plead more pleas than one." This, we have held, limits the operation of the general issue within a narrower scope than that allowed to it in some cases according to the common law practice.—*Petty v. Dill,* 53 Ala. The only use defendant could have made of the testimony in question, was that it tended to show that plaintiff had parted with the right to one-half of the money due by the instrument sued on, and was not therefore entitled, under § 2523, to maintain the action. But, in order to enable defendant to make proof of such a defense, he should have *briefly pleaded it specially.* And although plaintiff does not sue in the character of assignee, endorsee or transferree, and so does not come within the letter of the 29th of the rules of pratice in the circuit courts, (Revised Code, p. 822,) its intention and spirit require that such plea shall be verified by oath.—See *Broadhead v. Jones,* 39 Ala. 96.

But if it had been specially pleaded, this defense would not have been good. This section 2524 has caused much perplexity in practice. But whenever a party has the legal title, if he is a party to whom payment can legally be made,

[Hirschfelder v. Mitchell.]

and who can legally discharge the debtor, the action may be brought in his name, although the money, when collected, is not for his use.—*Yerby v. Sexton*, 48 Ala. 311. Now, in this case, plaintiff is the promisee named in the instrument and the owner of one-half interest in it, and has it .in his possession. He is entitled to receive payment, and can give an acquittance to the debtor, and may consequently maintain the suit against him.

It is not shown that the charges asked by defendant below and refused by the court, were in writing, as the statute requires. We do not, therefore, examine them to see whether they were correct or not, as expositions of the law of the case.

Whether the charges given by the court of its own motion, were correct or not, depended upon the evidence; and it has been decided that when this is the case the judgment of the court below " will not be reversed on error unless all the evidence is made part of the record."—1 Brick. Dig. 775, § 29, and the numerous cases there referred to. The statement of the rule should, however, be qualified, so as to make it conclude—unless all the evidence, *relating to the question raised by the exception*, be made a part of the record.

So, " an affirmative charge, correct as a legal proposition under any state of facts that could. have existed in the case, will be presumed to have been authorized by the evidence, unless the contrary affirmatively appears."—1 Brick. Dig. 337, § 23, referring to *Tempe v. State*, 40 Ala. 350, and other cases.

In the cause before us, the bill of exceptions does not show that all the evidence pertinent to the question presented, is therein reported. For aught appearing to the contrary, there may have been testimony given showing a change by consent, of the terms of the written contracts that were introduced, and wherewith every part of the main charge was in harmony, or by which it was authorized.

In the absence of any recital by which it affirmatively appears that there was no other evidence than that set forth in regard to the contracts between Bradley and defendant about the timber, a majority of the court decide that the rules established by the authorities above referred to, require us to affirm the judgment of the court below.

In this application of these rules, I do not concur. It seems to me that the charge of the court should be construed in connection with the copious and uncontradicted evidence set forth in the bill of exceptions; and that thus construing it, the charge is erroneous in denying any effect to the condition by which defendant's acceptance was qualified; and that if there was any evidence that would obviate this con-

clusion, it devolved on the judge below, or the counsel for plaintiff, to see that it should appear by the bill of exceptions.

Judgment affirmed.