[Beachman v. Aurora Silver Plate Manufactnring Co.]

# Beachman v. Aurora Silver Plate Manufacturing Co.

*Bill in Equity to set aside Fraudulent Conveyance.*

1. *Fraudulent conveyance; fraudulent grantee liable to creditors of grantor in successive suits to extent of value of property purchased.*— Where a bill is filed by creditors of a fraudulent grantor against the fraudulent·grantee to subject to complainants' debts the property conveyed, and upon decree in their favor the fraudulent grantee pays their demands, which amount to less than the value of the property, conveyed, a bill will lie at the instance of other creditors of such fraudulent grantor against his grantee to hold him liable as a trustee *in invitum* to the extent of the balance represented by the difference between the amount so paid to creditors under the first bill, exclusive of costs, and the real value of the property conveyed.

2. *Pleading and practice on appeal; summons and severance.*— Where, from a judgment rendered in a trial court against two defendants, one of them takes an appeal in the name of both, and without moving for a summons or severance assigns errors jointly with his co-defendant, by attorneys as representing "appellants," the judgment will not be reversed except for errors prejudicial to both appellants.

APPEAL from the City Court of Decatur, in Equity.
Heard before the Hon. WILLIAM H. SIMPSON. •
On the 10th of August, 1893, appellee filed a bill in the city court of Decatur against the appellants to subject to the payment of debts due it from J. S. Sugars & Co., certain goods alleged to have been fraudulently sold by J. S. Sugars & Co. to Robert Beachman. The allegations of the bill are, that in January, 1890, Sugars & Co. transferred their stock of jewelry &c. to Robert Beachman without any adequate consideration, and that the purpose of said transfer was to hinder, delay and defraud the creditors of said J. S. Sugars & Co. The bill further alleges the recovery of judgment by appellee against J. S. Sugars & Co. for two hundred and thirty-five dollars and costs of suit. It further alleges that the goods transferred to Robert Beachman, and other goods belonging to J. S. Sugars & Co. have been converted by Robert Beachman and Annie J. Sugars.. On the 16th

day of September, 1893, the defendants appeared and filed joint and several answers denying the allegations of the bill, and on the 6th of February, 1894, the defendant, Robert Beachman, filed an amendment to the answer, in which he sets up that on the 8th of February, 1890, Koch & Dreyfus, with others as complainants, filed a bill similar to the bill in the present cause, and for a like purpose; that said cause of Koch & Dreyfus and others was decided against him and the other defendants, and that the decree of said court was afterwards affirmed by the Supreme Court, and the stock of goods bought by him was held liable and condemned to the payment of the debts of complainants in that cause; that he paid off and discharged the debts due the complainants in that cause, and all costs, and that the stock of goods which he bought of J. S. Sugars & Co. did not exceed in value $1,250, and that in effect the goods held by him under said sale, and the estate created in him as trustee *in invitum*, for the creditors of J. S. Sugars & Co., had been duly and completely administered upon in that cause, and that he was not liable in this case to the complainants.

On the final submission of the cause, on the pleadings and proof, the judge of the city court, as chancellor, decreed that the conveyance from J. S. Sugars & Co. to the respondent, Robert Beachman, was fraudulent and void, and that the complainants were entitled to the relief prayed for. The respondents, Robert Beachman and Annie J. Sugars appeal from this decree, and assign the same as error.

SPEAKE & RUSSELL, for appellant.—It is conclusivsly shown that Robert Beachman in one way and another, paid into the court through the sheriff or through the hands of the receiver, enough of money to satisfy the original indebtedness in that cause, which, exclusive of interest and costs, amounted to $1,278.29. The principle upon which the creditors' bill is filed is that the vendee or transferee, has, by virtue of the sale or transfer, taken into his possession and under his control, goods of the vendor or transferror, which should be applied to the payment of the debts due from the latter. This is the underlying principle and equitable doctrine upon which the bill rests. If this is true, then the only extent

to which the transferee can be held accountable to the creditor of the transferror or vendor, is measured by the value of the goods which have passed into his possession and under his control.

E. W. GODBEY, *contra.*—Beachman was a trustee *in invitum* for creditors. If he has accounted for all the assets he is entitled to be discharged. But if part of the amount he has expended was paid in court costs incurred in resisting the claims of those entitled to the fund, he can certainly claim nothing on account thereof. *Dickinson v. Bank*, 98 Ala. 546. A trustee *in invitum*, resisting all steps taken to coerce him to perform his duty, can certainly take no credit for costs and expenses which were the proximate result of his wrongful refusal, and the steps taken to compel him to do his duty. Neither can he claim anything because of interest accruing on the claim after the wrongful conveyance, for it was his duty to surrender his wrongfully acquired goods, and stop interest. If he be entitled to credit for interest, he must be charged with the use of the goods. The proceeds of goods sought to be reached in this action had long been converted when the receiver made demand on Beachman therefor. In January, 1891 they were ''out.'' He thus has had the use of the goods, or their proceeds, for more than four years.—*Hubbard v. Allen*, 59 Ala. 302; *Donegan v. Davis*, 66 Ala. 376.

HEAD, J.—The record presents but a single question on the merits, and that is one of fact. To this counsel on both sides have mainly addressed their argument. The complainant, appellee here, is a judgment creditor of J. S. Sugars & Co., and filed its bill to hold the said Beachman as trustee *in invitum* of certain merchandise which he purchased from said firm in alleged fraud of its creditors. The controversy turns upon the inquiry whether the goods, alleged to be fraudulently conveyed to him, were worth as much as $1,500, or only $1,200, at the time of the purchase. In a former suit of a like nature, instituted by creditors of said firm to assail said transaction, Beachman, the alleged fraudulent grantee, who had had long experience in the business, and who was familiar with the stock, testified that the goods purchased by him were worth $1,500 at a fair valuation, and

[Beachman v. Aurora Silver Plate Manufacturing Co.]

that in referring to values, he meant cash values. He purchased at that price, giving his interest bearing notes. Upon this estimate, the claims of creditors in the former case, exclusive of costs of the suit, and interest after his purchase, did not consume his entire liability, and the complainant filed this bill to subject the balance to the payment of its claims, and to reach other property procured by said Sugars of Beachman   The entire real defense consists in the assertion that the property purchased by him was worth only $1,200, at a cash valuation, and that he has accounted for that amount, in the previous suit of other creditors. He now swears to this effect, in the face of his former contrary testimony. . Annie Sugars virtually makes no defense. The goods sold to Beachman inventoried considerably more than $1,500, and we fail to see why he would have agreed to pay more than their value in view of his perfect familiarity with them. We think the city court was correct in holding him upon the basis of his first evidence, supported as it is, by all the circumstances. We are loathe to believe that he would have then testified more unfavorably to himself than the fact required.

There is another reason why we cannot reverse the decree of the city court, even if the evidence supported Beachman in his contention. The other defendant Annie Sugars was also held liable by virtue of a fraudulent procurement by her of other goods of the debtor firm, the decree being rendered jointly against her and Beachman, for the amount of complainant's debts, as they had converted the goods. She declined to appeal, and Beachman sued out the appeal in the name of both defendants, as was necessary and his legal rights. When the case reached this court, he did not move for a summons and severance, but assigned error jointly with her, by attorneys, as representing the *appellants*. This must be treated as an appearance and joinder in the assignment of Beachman in this court by Annie Sugars, as she had the right to do. Under these circumstances the assignment being joint, we could not reverse, except for errors prejudicial to both appellants. It could not be seriously contended that there was any error in the decree so far as Annie Sugars is concerned, and no argument has been made to prove that there was any. If Beachman wished to assail the decree for error therein as to him alone, he

should have severed and assigned errors separately, so as to present the question properly.

For these reasons, the decree of the city court must be affirmed.