[Lillich et al. v. Moore.]

# Lillich *et al.* v. Moore.

### Statutory Contest of an Election.

1. *Appeal; when errors are prejudicial to some of the appellants only, there should be a severance.*—Where in an action against several defendants, a judgment is rendered in favor of one and against the others, on an appeal by all of them, without moving for summons or severance, they assign errors jointly, the errors injurious to those of the appellants against whom the judgment was rendered are not available to work a reversal, and the joint assignments of error will not be considered by the court.

APPEAL from the Circuit Court of Walker.
Tried before the Hon. JAMES J. BANKS.

The facts of the case are sufficiently stated in the opinion.

H. L. WATLINGTON and W. H. SMITH, Jr., for appellants.

COLEMAN & BANKHEAD, *contra.*—The assignments of error being made by all the appellants, and there being no error of which the appellant, D. McDonald, can complain, the assignments of error will be disregarded.— *Beachman v. Aurora, &c., Manfg. Co.,* 110 Ala. 555 ; *Kimbrell v. Rogers,* 90 Ala. 339 ; *Rudulph v. Brewer,* 96 Ala. 189.

McCLELLAN, J.—Moore instituted a statutory contest of the election of Lillich, McDonald, Tipper and Townly to the Board of Aldermen of the town of Carbon Hill. At the hearing before the circuit judge there was judgment in favor of McDonald and against the other three contestees, Lillich, Tipper and Townly. That judgment has been brought here on appeal by all four of the contestees, Lillich, McDonald, Tipper and Townly ; and they jointly, as appellants, assign the errors supposed to have been committed by the court below. It is clear that whatever errors may have been committed, they, in no sense or degree, were of injury to McDonald

since no judgment went against him below, but, to the contrary, the judgment there was in his favor. We know of no exception to the rule that when errors injurious to some of the appellants only are assigned by them all jointly, they are not available to work a reversal, and will not be considered by the court.—*Kimbrell v. Rogers*, 90 Ala. 339 ; *Rudulph v. Brewer*, 96 Ala. 189 ; *Beachman v. Aurora Silver Plate Mfg. Co.*, 110 Ala. 555.

The judgment of the circuit court must be affirmed. Affirmed.