# Hillens *v.* Brinsfield.

### *Petition for Sale of Lands for Partition among Tenants in Common.*

1. *Partition; adverse claimant can not intervene in proceedings for sale.*—In a proceeding for the sale of lands held in common for distribution among the co-tenants, one setting up adverse title to said lands can not intervene.

2. *Pleading and practice; motion to enter judgment nunc pro tunc; stranger can not intervene.*—On a motion to enter *nunc pro tunc* a judgment which had been previously rendered, a stranger to a proceeding in which the judgment had been rendered can not intervene and question its correctness.

3. *Appeals; when assignments of error disregarded.*—On an appeal, assignments of error made jointly by all of the defendants as to matter prejudicial to some of them only, will be disregarded.

APPEAL from the Probate Court of Montgomery. Heard before the Hon. J. B. GASTON.

The facts in the case are sufficiently stated in the opinion.

CHARLES WILKINSON, for appellant.—Actual adverse possession, under claim of exclusive ownership, against petitioner, by defendant in the proceedings, which has

not been tried at law, is a bar to proceedings—*Gore v. Dickinson,* 98 Ala. 363 ; *Hillens v. Brinsfield,* 108 Ala. 605.

THOS. H. WATTS, *contra.*—The doctrine asserted in the case of *Hillens v. Brinsfield,* 108 Ala. 605, is applicable to and controls this case. The judgment *nunc pro tunc* was proper.—*Whorley v. M. & C. R. R. Co.,* 72 Ala. 20 ; *Tanner v. Hayes,* 47 Ala. 722 ; *Nabers v. Meredith,* 67 Ala. 333 ; Code of 1886, § 702.

BRICKELL, C. J.—A petition was filed in the probate court of Montgomery county by Emma Brinsfield alleging that she and Kate Monfee were tenants in common of certain lands, each owning a half interest, and containing all other allegations made necessary by statute in a proceeding to sell lands for partition. An appeal was taken by Kate Monfee and Charles Hillens (who was also made a defendant to the petition as claiming some interest in the lands) from final decree alleged to have been rendered in the proceeding, directing a sale of the lands. On that appeal, the decree was affirmed. *Hillens v. Brinsfield,* 108 Ala. 605. After the affirmance, the plaintiff filed her petition in the court below alleging there had been an omission to formally enter the decree, and praying it might be entered *nunc pro tunc.* In this proceeding Artie Elizabeth Hillens, wife of Charles Hillens, intervened by petition, setting up ownership and adverse possession of the lands, predicated on a deed executed to her as a purchaser at a sale for taxes. The court overruled her petition and directed the entry of the decree of sale *nunc pro tunc,* and from this decree Mrs. Hillens and Kate Monfee appeal and jointly assign errors.

1. On the former appeal, in disposing of the claim of title and adverse possession asserted by Charles Hillens, we said : ''He was not alleged to be a tenant in common entitled to share in the distribution of the proceeds, and he could not properly be brought in to litigate in this proceeding his adverse assertions of title.'' The same observations apply with even greater force to the intervention filed by Mrs. Hillens ; for, if the plaintiff could not properly have brought her in, it is very obvious she was not entitled to intervene on her own

20

[Magnetic Ore Co. v. Marbury Lumber Co.]

motion. The court might have disposed of her petition on this ground alone.

2. But there is another reason equally conclusive. The motion in the probate court was to enter a judgment already rendered; and on such a motion, the propriety of the judgment is not open to controversy. Certainly a stranger to it should not be permitted to intervene and question its correctness. If one, not a party to the proceeding, has acquired legal or equitable rights between the time the judgment should have been entered and the time it is actually entered, those rights are not disturbed by the entry *nunc pro tunc*. The judgment binds only parties and privies; and the doctrine of relation will not be permitted to disturb intervening rights.

3. It follows from what has been said that the court below did not err in overruling the petition of Mrs. Hillens. Having no right to intervene, the court could not, as to her, have committed an error. She has no right to complain, and the assignment of errors being joint, it must be disregarded as to the other defendant. It is a settled rule that assignments of error made jointly by all the defendants, as to matter prejudicial to some of them only, will be disregarded.—*Kimbrell v. Rogers*, 90 Ala. 339; *Rudulph v. Brewer*, 96 Ala. 189.

The decree is affirmed.