# Davis, *et al. v.* Vandiver & Co.

### *Creditor's Bill.*

(Decided April 22, 1909. Rehearing denied May 11, 1909.
49 South. 318.)

1. *Fraudulent Conveyance; Burden of Proof.*—On a bill by existing creditors to set aside a conveyance from a debtor and his wife to the wife's parents as fraudulent, the burden is on the grantee's to show the bona fides of the transaction.

2. *Same; Relation of Parties.*—Where a transaction is assailed by the creditors of the grantee as fraudulent, the fact that the transaction was had between parties nearly related is a circumstance which calls for closer scrutiny than where such transaction was between strangers.

3. *Appeal and Error; Assignment; Joint; Review.*—Where errors are assigned jointly and the matter assigned is prejudicial to one of the appellants only, such assignment will be disregarded.

APPEAL from Butler. Chancery Court.

Heard before Hon. LUCIEN D. GARDNER.

Creditors' bill by W. F. Vandiver & Co. and others against J. H. Davis and others to· set aside conveyances.. From a decree for complainants, defendants appeal. Affirmed.

SMITH, SMYTHE, & TRAWEEK, for appellants.—It appears from the records that while Vandiver & Co., and Schloss & Kohn, were creditors at the time of the execution of the deed that these accounts have long since been paid, and hence, they had nothing to complain of. —*Wimberly v. M. F. Co.,* 132 Ala. 113; *Watts v. Burgess,* 131 Ala. 333. In running accounts credits are always applied to the oldest items.—Section 4622, Code 1907. The appellees not being existing creditors at the time, no burden rests on the appellant to show the real consideration for the deed, but in any event, the consideration was shown to be sufficient.—*Schloss & Kohn*

[Davis, et al. v. Vandiver & Co.]

v. McGuire, 102 Ala. 626; Green v. Emmens, 135 Ala. 563. In any event, if the property transferred was done in good faith, and for a valuable consideration, and no interest was reserved to the debtor, he had a perfect right to make the deed.—Pollock v. Myer, 96 Ala. 172; Wing v. Rozelle, 74 Ala. 346. If there was fraud, the complainants were the direct beneficiaries.—Green v. Emmens, supra; Smith v. Collins, 94 Ala. 394; Carter Bros. v. Coleman, 84 Ala. 256.

POWELL, HAMILTON & LANE, for appellee.—Counsel discuss the evidence and insist that a question of fact existed rather than one of law, and content themselves with citing the cases cited by the chancellor in his opinion as bearing on the various questions presented. These cases are as follows:—Russell v. Davis, 133 Ala. 655; Murphy v. Green, 128 Ala. 486; Gordon v. McIlwain, 82 Ala. 247; Schloss & Kohn v. McGuire, 102 Ala. 626; Murray v. Hurd, 103 Ala. 400. As to the burden resting on the wife to show that she paid for the land with her own means they cite.—Silvey v. Vernon, 45 South. 68; Kelly v. Connell, 110 Ala. 543; Southern H. B. & L. Assn. v. Riddle, 129 Ala. 652; Wimberly v. Montgomery Fert. Co., 132 Ala. 114.

ANDERSON, J.—The complainants being existing creditors when the deed was made from Davis and wife to the Tuckers (parents of Mrs. Davis), the burden of proof was upon the grantees to show the bona fides of the transaction.—Russell v. Davis, 133 Ala. 655, 31 South. 514, 91 Am. St. Rep. 56. In determining the bona fides of a transaction assailed as fraudulent, the fact that such transaction was had between parties nearly related is a circumstance which naturally calls for closer scrutiny than where the transaction is between

[Davis, et al. v. Vandiver & Co.]

strangers.—*Murphy v. Green,* 128 Ala. 486, 30 South. 643; *Gordon v. McIlwain,* 82 Ala. 247, 2 South. 671. A careful examination of the evidence makes it questionable as to whether or not Mrs. Tucker possessed $250 which she claims to have paid for the land. On the other hand, if she did really pay $250 for the land, it was less than a third of its value, according to the weight of the evidence. Moreover, owing to the relationship of the parties, it is highly probable that the Tuckers knew of the failing condition of Davis when the deed was made to them.

The assignments of error are all jointly made by all of the appellants, and those that relate to conveyances in which the Tuckers are not parties or interested cannot be considered by the court. "It is a settled rule that assignments of error made jointly by all the defendants, as to matter prejudicial to some of them only, will be disregarded."—*Hillens v. Brinsfield,* 113 Ala. 304, 21 South. 208; *Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241; *Rudulph v. Brewer,* 96 Ala. 189, 11 South. 314.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.