## Adams, *et al. v.* Bibby, *et al.*

*Assumpsit.*

(Decided June 17, 1915.   69 South. 588.)

1. *Judgment; Parties; Reference to Pleading.*—Where the record did not disclose service of summons against any of the parties, and the pleas were filed by A. only, a judgment entry for "the plaintiff" against "defendant," not naming him, was a judgment against A. alone notwithstanding the caption of the judgment entry described A. and W. as defendants.

2. *Appeal and Error; Assignment; Joint.*—Where there was no judgment for or against any of defendants other than A., and there was a joint appeal, the joint assignment of errors by all will be considered as the assignment of error of A. alone.

3. *Courts; Review; Exceptions.*—Where the case was tried by a city court, without a jury, and there was no objection or exception to the finding and conclusion of the court, as required by the practice act of such city court, the findings and conclusion of the court were not presented for review on appeal.

4. *Trial; Objection; Separable.*—Where the objectionable portion of a question to a witness was susceptible of an intelligent separation from the non-objectionable portions, the objection should go only to the improper portion and not to the question as a whole.

[Adams, et al. v. Bibby, et al.]

5. *Appeal and Error; Review; Reservation of Grounds.*—Where there was no exception to the ruling of the trial court, the assignment of error based thereon will not be reviewed.

(Anderson, C. J., dissents in part.)

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by William Bibby and others against John H. Adams and others. Judgment for plaintiff, and defendants appeal. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The action is stated on the common counts, and on breach of a contract, which is set out. The judgment, after setting out rulings on demurrers, concludes as follows: It is ordered and adjudged by the court that the plaintiff have and recover of defendant $920, that being the amount of their debt and damage as ascertained and assessed by the court upon the proof produced upon the trial of this cause, besides their costs in this cause expended, for which let execution issue.

The pleadings showed as plaintiffs William Bibby, Mary Bibby, and James Bibby, and as defendants John H. Adams, James Weisell, Isaac F. Perkins, and Francis M. Fletcher; these parties, as parties of the first and second part, having signed the contract sued on. The other facts appear, except the basis of the second assignment or error, which is not deemed necessary to be here set out.

FORNEY JOHNSTON, for appellants.

HARSH, BEDDOW & PITTS, and JOHN FULTON, for appellee.

ANDERSON, C. J.—(1) It is no doubt the rule that it is essential to a valid judgment that it should desig-

nate the parties for and against whom it is given, yet when in the body of the judgment it is in favor of the plaintiff or plaintiffs and against the defendant or defendants in general terms, the parties in whose favor and against whom, respectively, it is rendered, are to be ascertained, not alone by looking to the memorandum at the head entry, but also to the pleadings and the process, with the return thereon, which indicate who are before the court as plaintiffs and defendants, and in what capacities, respectively, they are parties.—*Bolling v. Speller,* 96 Ala. 270, 11 South. 300; *Blackman v. Moore,* 106 Ala. 458, 17 South. 629; *Fletcher v. Riley,* 169 Ala. 433, 53 South. 816. The caption of the complaint in the present case sets out the names of John H. Adams, James Weisell, Isaac F. Perkins, and Francis M. Fletcher, as "defendant." The body of the judgment entry is in favor of the "plaintiff" against the "defendant," while the caption to the judgment entry describes John H. Adams and James Weisell as defendants. If we are to be controlled by the body of the judgment entry alone, it is against a defendant in the singular; if we are to be controlled by the caption to the said judgment entry, then it is against Adams and Weisell only, and not the other two defendants. On the other hand, if we look to the pleading and process and the return thereon, in connection with the judgment entry, we are constrained to hold that the present judgment is against Adams alone. While all four of the appellants were set out in the caption of the complaint, the record discloses no summons or service against all or any of the parties, and the only pleas filed seem to be by John H. Adams only.

(2) It is true that the body of the judgment says "plaintiff," and not "plaintiffs;" but the caption thereof sets out all three of the plaintiffs, and therefore con-

forms to the complaint, and the judgment must be construed as being in favor of all three of said plaintiffs, who sued and who are named in the appeal as appellees. "It is a settled rule that assignments of error made jointly by all defendants, as to matters prejudicial to some of them only, will be disregarded."—*Davis v. Vandiver,* 160 Ala. 454, 49 South. 318; *Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241; *Hillens v. Brinsfield,* 113 Ala. 304, 21 South. 208. In the case of *Lillich v. Moore,* 112 Ala. 532, 20 South. 452, this court, speaking through McCLELLAN, J., said: "We know of no exception to the rule that, when errors injurious to some of the appellants only are assigned by them all jointly, they are not available to work a reversal, and will not be considered by the court."

In the opinion of the writer the case of *Gilley v. Denman,* 185 Ala. 651, 64 South. 97, is in conflict with the foregoing authorities, as well as many other Alabama cases, and it ought to be overruled. The majority, however, are of the opinion, and so hold, that the case at bar and the *Gilley Case, supra,* can be differentiated from the other cases, and think that all of the defendants, save Adams, can be disregarded, and the assignment of error should be treated as that of Adams alone, as there was no judgment for or against the other defendants, and that the assignment of errors should be considered, although there was a joint appeal and judgment only against Adams.

(3) The finding and conclusion of the trial court, who tried this case without a jury, is not so presented as to authorize this court to revise the same, as there was no objection and exception to the finding, as required by the practice act of the city court.

(4) The only ground of objection to the question to Bibby covered by the first assignment of error is that

it calls for the conclusion of the witness. The court does not think it objectionable upon this ground; but, if a small portion of same could be so construed, then the appellant should have objected only to that part of it, as the question was susceptible of an intelligent separation.

(5) The limitation by the court as to the subscription list made the basis of the second assignment of error will not be reviewed, as the record discloses no exception to the ruling of the court.

The judgment of the city court is affirmed.

Affirmed. All the Justices concur, except ANDERSON, C. J., who dissents in part.