# Mobile Temperance Hall Assn. *v.* Holmes, *et al.*

### Partition.

(Decided December 16, 1915. Rehearing denied February 3, 1916.
70 South. 640.)

1. **Appeal and Error; Parties.**—All the respondents will be treated as appellants, in the absence of any summons to the other respondents or severance prior to the submission of the cause, where the prayer for an appeal by an appellant is in behalf of "itself, and all other respondents."

. 2. **Same; Assignment; Joint.**—Joint assignments by all the appellants as to errors prejudicial only to some of them are not available to reverse, and will not be considered on appeal.

APPEAL from Mobile Chancery Court.
Heard before Hon. THOMAS H. SMITH.
Bill by Mary E. Holmes and others against the Mobile Temperance Hall Association. Decree for complainants, and respondents appeal. Affirmed.

FREDERICK G. BROMBERG, for appellant. J. BLOCKER THORNTON, L. H. & E. W. FAITH, and GAILLARD & MAHORNER, for appellee.

PER CURIAM.—(1, 2) The prayer for the appeal is by this appellant in behalf of "itself and all other respondents." The

certificate of appeal requires a citation only to the complainants or their solicitors' Messrs. Thornton and McLeod. Therefore the respondents, other than the Mobile Temperance Hall Association, have had no notice of this appeal; but, as the appeal seems to be taken in behalf of all respondents, all of them must be treated as appellants, as there has been no summons and severance prior to the submission of this cause. Indeed, the assignment of errors is made for and in behalf of "appellants," and not by the temperance association only. It also appears that a decree was rendered favorable to many of the respondents, to wit, McGaughey et al., and that they were not injured or prejudiced by the decree from which the appeal was taken. It is well settled by the decisions of this court that assignments of error jointly by all of the respondents of errors prejudicial to some of them only are not available to reverse the cause and will not be considered by this court.—*Lillich v. Moore,* 112 Ala. 532, 20 South. 452; *Davis v. Vandiver,* 160 Ala. 454, 49 South. 318; *Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.