163 So. 814

### ELLIOTT et al. v. McCRANEY.

#### 6 Div. 526.

Court of Appeals of Alabama.
March 19, 1935.

Rehearing Denied June 25, 1935.

Reversed after Mandate Oct. 29, 1935.

Vassar L. Allen, of Birmingham, for appellants.

B. F. Smith, of Birmingham, for appellee.

SAMFORD, Judge.

This action was brought against J. J. Elliott, J. R. Oden, individually, and Vida Lumber Company, a corporation, claiming from them jointly $750 as set out in the several counts of the complaint. On the trial as finally had, judgment was rendered in favor of plaintiff and against all three defendants. After judgment and on March 17, 1933, the judgment as to J. R. Oden was ordered set aside. Subsequently, and within the time allowed by law, Elliott, Oden, and the Vida Lumber Company perfected an appeal to this court and jointly assigned errors. There being no judgment in the circuit court against J. R. Oden, no assignment of error as to him can be sustained in this court. The assignment of errors, being joint, must be sustained as to all, and, not being sustained as to all, are bad as to all. In Lillich et al. v. Moore, 112 Ala. 532, 20 So. 452, in a case similar to the one at bar, it was said by McClellan, J., speaking for the court: "We know of no exception to the rule that, when errors injurious to some of the appellants only are assigned by them all jointly, they are not available to work a reversal, and will not be considered by the court." Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; Rudulph v. Brewer, 96 Ala. 189, 11 So. 314; Beachman v. A. S. P. Mfg. Co., 110 Ala. 555, 18 So. 314; Sloss-Sheffield Steel & Iron Co. v. Taylor, 16 Ala. App. 241, 77 So. 79; Alabama and Southern Digest, Appeal and Error, ☞721(1).

There being no separate assignments of error, the judgment must be affirmed.

Affirmed.

### On Rehearing.

Appellant files application for rehearing and motion to set aside the submission and for permission to assign errors separately for each appellant, and in conjunction therewith submits a statement as to the physical condition of appellant's counsel with which we are in full sympathy. However, decisions of this court

must be based upon legal principles and rules that there may be an orderly administration of justice.

The application for rehearing and motion above set out is vigorously objected to in brief of appellee's counsel, who points out, among other things, the long delay in the submission of this cause.

The cause was tried in the circuit court February 16, 1933; appeal filed June 7, 1933; November 28, 1933, continued generally; April 17, 1934, passed to call of seventh division; May 22, 1934, continued; November 26, 1934, transcript filed; November 27th motion filed to dismiss appeal; November 27, 1934, submitted on briefs.

On March 19, 1935, the judgment was affirmed. The appeal was taken by the three defendants in the court below, where there was judgment only as to two of them. There were joint assignments of error as to all three appellants. As to one of the appellants there could be no prejudicial error, for the very good reason that there was no judgment in the lower court as to him. In addition to the authorities cited in the original opinion on this point, our Supreme Court has recently reaffirmed the rule. Sewell v. Cherokee County Bank, 230 Ala. 111, 159 So. 830. We do not feel that a rule so well established should be evaded, set aside, or abrogated.

Besides, appellant's counsel was fully aware of the condition of the parties as shown by the record, as is shown by his brief, in which he insists on a reversal of the case for that very reason.

The application is overruled.

Opinion on Remandment.

On former consideration of this appeal this court sought to follow the decisions of the Supreme Court as declared in Davis et al. v. W. F. Vandiver & Co., 160 Ala. 454, 49 So. 318; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; Hillens v. Brinsfield, 113 Ala. 304, 21 So. 208; Lillich et al. v. Moore, 112 Ala. 532, 20 So. 452; and Sewell et al. v. Cherokee County Bank, 230 Ala. 111, 159 So. 830. In the Lillich et al. v. Moore Case, supra, McClellan, J., speaking for the court, said: "We know of no exception to the rule that, when errors injurious to some of the appellants only are assigned by them all jointly, they are not available to work a reversal, and will not be considered by the court." In Sewell et al. v. Cherokee County Bank, supra, the present Chief Justice, speaking for the court, said: "It

is sufficient to say, when a joint appeal is taken, and no severance in the assignment of error, as here, the case cannot be reversed unless the error complained of was prejudicial to all of the appellants." In support of the foregoing, there is cited the case of Mobile Temperance Hall Ass'n v. Holmes et al., 195 Ala. 437, 70 So. 640, in which the facts are very similar to those in the case at bar, and in which there were no judgments against some of the defendants in the lower court.

In the instant case the suit was against J. J. Elliott, J. R. Oden, and Vida Lumber Company. Judgment was rendered against all three defendants. On motion the judgment against Oden was set aside. Elliott and Oden jointly appealed by giving a joint appeal bond, and citation of appeal was issued by the clerk in their names jointly, and Vida Lumber Company perfected its appeal by giving security for costs of appeals; and the appeal by all defendants was certified to this court. On certiorari the Supreme Court holds that this court was in error in its former holding and says that the including of Oden's name was redundant. Elliott et al. v. McCraney (Ala. Sup.) 163 So. 819. We are bound by that holding, and we now proceed to consider the assignments of error as if no appeal was taken by Oden.

Perhaps this appeal can be more intelligently disposed of by following the insistences as contended for in brief of appellants' counsel.

■ It is contended that the court erred in overruling defendants' objection to the following question: "Did he tell you he had run down to the bank and tried to get it certified as soon as he got it himself?" The objection is that the question is leading and suggestive. The allowance of leading questions is largely in the discretion of the court and in the absence of abuse will not be reviewed. Other grounds are not insisted on in appellants' brief.

■ The court erred in permitting plaintiff to ask the question: "I will ask you if you learned about that time, that there was an unrecorded mortgage on that property?" Whether there was or was not an unrecorded mortgage on the property involved in this transaction was immaterial to any issue in this case. The bargain was for a conveyance of certain land free of encumbrance, but the time had not arrived for the conveyance and presumably defendants would, at the proper time, re-

move any encumbrance affecting the title. Moreover, the issue here does not involve the title to the land bargained, but the whole case is based upon the theory that the payment of $750 to defendants was conditioned upon other parties buying two acres of the land, and that these parties failed to carry out their part of the contract.

■ The court did not err in sustaining plaintiff's objection to the question: "As a matter of fact, you had intrusted this check ($750.00) to Carmack for delivery?" Under the evidence in this case Carmack was not an agent of the plaintiff in the matters here involved, but was a mere messenger in the delivery of the check.

■ The court did not err in refusing to exclude that part of the answer of plaintiff: "* * * provided the two thousand dollars was paid.". The foregoing was a part of an answer to a question propounded to McCraney on cross-examination: "Now, what was this $750.00 paid on Mr. McCraney, if not paid on the purchase price of the land?" The answer was: "It was paid, made as a down payment on the three acres of land, provided the two thousand dollars was paid." This answer undertook to state what the payment was for, with the condition, which was a complete answer to the question, and without that portion objected to would have been incomplete.

■ Over the objection and exception of defendants, the court admitted in evidence the following statement:
"State of Alabama, Jefferson County:

"We the undersigned, contributors to the prospective Cotton Cleaning plant which was promoted by Alfred Jacobs, E. W. Carmack and Thos. H. Frost, and which sums of money amounting to thirty dollars, each, was contributed by each of us to John W. McCraney, trustee, acknowledge receipt of the sum of twenty-nine and 50/100 (dollars) in full settlement of the claim of thirty dollars heretofore deposited with John W. McCraney, trustee. We the undersigned have sufficient proof of the expenditure of the sum of ten dollars for surveying done by L. M. Funderburg, by John W. McCraney, trustee, and agree that said expenditure was a legitimate expenditure, and each of the undersigned agree that he is to pay the sum of fifty cents to take care of the surveying, said sum to be deducted from the money

($30.00) heretofore deposited with John W. McCraney, trustee, and the balance ($29.50) being hereby received by each of us in full settlement of our account with John W. McCraney, trustee.

"Witness our hand this the 18th day of April, 1930."

This paper was signed by eighteen parties, none of whom were parties to this suit. The suit was by McCraney, who had a right to bring it, as is shown elsewhere in this opinion. Whether McCraney paid these parties or not could in no way affect the result of this action. The court erred in overruling the objection. Moreover, the transaction between McCraney and the parties signing the paper introduced in evidence was, as to the defendants, res inter alios acta.

■ The court also committed error in admitting eighteen checks payable to various persons and signed by McCraney, purporting to be a return by McCraney of the amounts subscribed and paid toward a fund handled by McCraney in undertaking to carry out the purchase of the three acres of land involved in this controversy.

Assignment of error 7 is expressly waived, and assignments 8 and 9 are without merit.

The complaint consists of six counts; 1, 2, 3, and 4 being the common counts, and counts 5 and A being for money had and received.

■ All the evidence in the record is to the effect that the controversy grew out of one and the same transaction, and there was evidence tending to prove one or more of counts 1, 2, 3, and 4, which were grouped and argued together in appellants' brief. That being the case, this court will not hold that the trial court erred to a reversal. Moreover, where the action is on the common counts and the evidence discloses but one transaction, the refusal to give the general charge as to one count, when the evidence tends to sustain other counts, would be error without injury. Supreme Court Rule 45.

■ The appellants insist that the court erred in refusing to give, at the request of all defendants, the general affirmative charge, on the theory that the plaintiff could not maintain the suit.

As finally amended without exception on the part of defendants, the suit was in the name of John W. McCraney, as plain-

tiff, against J. J. Elliott, J. R. Oden, and Vida Lumber Company, a corporation.

The evidence discloses that McCraney, acting as trustee for a number of citizens of Leeds, Ala., collected from said citizens the amount of money here involved, to be used by him in part payment of three acres of land from Vida Lumber Company, upon the condition that other parties were to purchase and pay for two acres adjoining. The question here involved is whether the conditions under which the money was to be paid were ever complied with, and was the money paid by McCraney wrongfully received by defendant Vida Lumber Company? The evidence is to the effect that McCraney had authority in the premises to act for the parties who turned the money over to him, and it was his duty to have paid out such money only in accordance with the conditions agreed to, and if Vida Lumber Company wrongfully took the money and wrongfully applied it, McCraney could recover it back and a repayment of the money to McCraney would have been a full discharge, so far as these defendants are concerned. In Ex parte Randall, 149 Ala. 640, 644, 42 So. 870, 871, it is said: "The rule which has been uniformly followed on this subject is that, if the party suing is 'the party to whom payment can legally be made and who can legally discharge the debtor, the action may be brought in his name, although the money, when collected, is not for his use, but for the use of some other person or persons, to whose use he is required to apply it, or to whom he is bound to pay it.'" Yerby, County Sup't, v. Sexton et al., 48 Ala. 311; Hirschfelder v. Mitchell, 54 Ala. 419; Rice v. Rice, 106 Ala. 636, 17 So. 628; Hall & Farley, Trustees v. Henderson, 126 Ala. 449, 28 So. 531, 61 L. R. A. 621, 85 Am. St. Rep. 53.

Counts 5 and A of the complaint claim of all the defendants as for money had and received; that is, it is claimed that the defendants have money in their possession which in equity and good conscience belongs to this plaintiff, and, as to Vida Lumber Company, the evidence for plaintiff, while denied by defendants, tends to sustain this contention, and therefore the court did not err in refusing the general charge as requested by defendant Vida Lumber Company.

As to Oden and Elliott, they were the joint and sole owners of Vida Lumber Company. If the Vida Lumber Company was a dormant corporation and being used by Oden and Elliott in order to obtain the money claimed in this suit, and they actually did receive, for their own benefit, the money paid by McCraney, then the affirmative charge as to them and each of them was properly refused. There was evidence in the case from which inferences might be drawn that the money nominally paid to Vida Lumber Company was in fact received by Oden and Elliott individually.

The action for money had and received is equitable in its nature, and the rule is that no further privity is required than that which results from one person's having another's money, which he has no right conscientiously to keep, and in such cases the law implies a promise that he will pay it over. 41 Corpus Juris, 38 [18].

If the money was paid and received, for a particular purpose and to be used only if and when Carmack et al. paid $2,000 cash as purchase money for that certain two-acre tract named in the negotiations, and Carmack et al. failed or refused to carry out their part of the agreement, then defendants had no right to keep the money. 41 Corpus Juris, 45 [31] G.

But, in any event, the assignments of error are joint and not separate and several, and the refusal of the general charge as to Elliott and Oden not being prejudicial as to Vida Lumber Company, the trial court will not be put in error for refusing the general charge as to them. A joint assignment of errors which cannot be sustained as to all who joined therein is bad as to all. 2 Alabama and Southern Digest, Appeal and Error, ☞721 (1); Leader et al. v. Mattingly, 140 Ala. 444, 37 So. 270; Birmingham Finance Co. v. Barber, 19 Ala. App. 609, 99 So. 736.

Defendants' charge 7 was properly refused. Whether McCraney paid money to subscribers to the trust fund or not is a matter which does not concern these defendants.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.