179 So. 191

**ODEN et al. v. McCRANEY.**

**6 Div. 196.**

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

Plaintiff represented a number of citizens of Leeds, Ala., in an effort to locate a cotton cleaning plant in that municipality, and made an effort to secure a site for the plant. Defendants were interested in the sale of five acres of land in Leeds, owned by the Vida Lumber Company; but the cotton plant people only wanted two acres. Defendants demanded $5,000 for the five acres, and declined to sell only the two acres desired. During these negotiations plaintiff paid, and defendants received, $750. The project failed, and no plant was ever established.

Defendants insist this payment was made on the purchase of the five acres; that they were ready, willing, and able to convey the five acres, and of consequence were under no duty to refund the money.

On the other hand, plaintiff's theory of the case was that the $750 payment was on three acres of the land, that the citizens agreed to purchase at a stipulated sum, and was conditional upon the establishment of the plant and the purchase of the two acres by the cotton people, that the three-acre purchase was to be separate and apart from the two-acre sale, the cotton people to buy the two acres for $2,000 cash, and the citizens merely purchasing the three acres in order to have the deal go through and the plant located at Leeds.

Thus a simple question of fact was involved, which was fully explained by the trial judge in his very clear charge to the jury.

There have been three trials of the case. The first resulted in a mistrial. In the second, there was judgment for the plaintiff, and a reversal followed. Elliott v. McCraney, 26 Ala.App. 565, 163 So. 814; Elliott v. McCraney, 231 Ala. 50, 163 So. 819. After remandment, and upon the third trial, plaintiff discovered a mistake in the middle initial of Oden intended to be sued. Summons had been issued and served upon J. R. Oden, who was a son of J. W. Oden, and in no manner involved or interested in this transaction. Plaintiff therefore obtained leave to amend his complaint by inserting the correct initials "J. W." Oden.

Appellant lays much stress upon this point, and a number of assignments of error are rested upon this action of the court. It is insisted that service having been had upon the son, J. R. Oden, and not on J. W. Oden, his father, the latter

Vassar L. Allen, of Birmingham, for appellants.

B. F. Smith, of Birmingham, for appellee.

GARDNER, Justice.

The appeal is from a judgment for plaintiff in a suit for money had and received.

has never been in court, and the amendment unauthorized.

 Under our statute, section 9513, Code, 1923, the right of amendment is to be liberally indulged. Hanchey v. Brunson, 181 Ala. 453, 61 So. 258; Robinson v. Darden, 50 Ala. 71. The change involved in this amendment was that of the middle initial, which under our decisions is accorded little notice. 45 Corpus Juris 369. And, indeed, in Reid v. State, 168 Ala. 118, 53 So. 254, 255, the court observed that "the law takes no notice of the middle initial." And coming to civil actions, an amendment, similar in all substantial respects to that here presented, was held to be proper. Griel Bros. v. Solomon, 82 Ala. 85, 2 So. 322, 60 Am. Rep. 733.

Appellant insists these authorities are inapplicable where process was incorrectly served, as in this case upon the son, J. R. Oden. But service of process is not essential if the party intended to be served appears and defends and submits himself to the jurisdiction of the court. 2 R.C.L. 1315. The purpose of process is to bring the defendant into court, and may be by him waived. 50 Corpus Juris 446.

The trial court found and so announced from the bench that J. W. Oden had appeared and defended this cause throughout, and also on appeal. It was J. W. Oden, and not his son, J. R. Oden, who was interested in the Vida Lumber Company, and in the property to be sold, and negotiations and agreement were with J. W. Oden. In fact J. R. Oden had no connection whatever with any of the matters involved in this litigation, and made no personal appearance during any of the three trials. All the attendant facts and circumstances, therefore, tend to support the conclusion of the trial court that J. W. Oden had appeared as a defendant and defended this action, and that he was the person sued by an incorrect middle initial.

We find no justification here for a disturbance of the conclusion of the trial judge in this respect, and conclude that the amendment was properly allowed.

The same question was presented on motion for a new trial, and this conclusion has reference also to the assignment of error based upon the denial of said motion.

Upon the merits little need be said. Refused charge 13 assumes evidence sufficient to constitute Carmack plaintiff's agent so as to bind plaintiff by notation on the $750 check. It was properly refused.

On former appeal the Court of Appeals; Elliott v. McCraney, 26 Ala.App. 565, 163 So. 814, 817, concluded that "under the evidence in this case Carmack was not an agent of the plaintiff in the matters here involved, but was a mere messenger in the delivery of the check," and we think this observation is equally applicable on this appeal.

Charge 9 was misleading, and properly refused. The jury would by its language be confused concerning the purchase of the two separate tracts by the two separate "groups," though it was understood the entire five acres were to be purchased, and would be led to ignore plaintiff's insistence that his purchase was conditional upon the consummation of the deal with the cotton plant people.

As we have previously observed, the clear-cut issue of fact was submitted by the trial judge in his oral charge to the jury which fully embraced all matters touching the merits of this litigation. We have discussed the assignments of error argued in brief, and find nothing justifying a reversal of the judgment rendered.

It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.