# Street v. The State of Alabama.

*Indictment for Carrying Concealed Weapons.*

| 67 | 87 |
| 94 | 101 |
| 67 | 87 |
| 96 | 68 |

1. *Concealed weapons ; what constitutes offense of.*—To constitute the offense of carrying a concealed weapon, it must be worn, or carried, so that persons near enough to see it, if it was not concealed, can not see it.

2. *Charges may be refused, though stating law correctly, if not based on evidence.*—Charges should be based on the tendencies of the testimony, and if not correct in reference to the evidence in the case, although they may assert legal propositions correct in themselves, a refusal to give them, as requested, will not authorize a reversal.

3. *Same ; misleading charge properly refused.*—A charge "that a pistol is not concealed unless it is hid from the ordinary observation of those who are in a a position to see it, if it were not concealed," is confused, and when taken in connection with the evidence in the cause—that the pistol was only seen when the defendant pulled off his coat—tended to mislead the jury, and was properly refused.

APPEAL from Etowah Circuit Court.

Tried before Hon. L. F. Box.

Henry Street was indicted, at the fall term, 1879, of the Circuit Court of Etowah county, for " carrying a pistol concealed about his person." One West testified, on the trial, that he and three or four neighbors went to defendant's house, and started to go thence to the river to bathe. They all left defendant's house at the same time, but defendant and one or two others soon got ahead of witness. When they had gone through the woods about a quarter of a mile, and when the witness was about one hundred yards behind the defendant, the latter shot a pistol at a tree. Defendant then waited till witness and those with him came up, and they examined the shot in the tree. While they were doing so, the defendant held his pistol in his hand, exposed to view, and again started off to the river with it in that position. The defendant again got ahead of witness, and he and those

[Street v. The State.]

with him were about a hundred yards behind the defendant and those with him, when the latter party reached the river. When witness came up with defendant, he had pulled off his coat, or pulled it off just as witness arrived, and witness saw a pistol in the pocket of defendant's pantaloons, with the breech or "butt end" exposed to view. Defendant was dressed in a frock coat, which he wore unbuttoned all the way from his house to the river where he pulled it off. Witness was not in front of defendant at any time and saw nothing of the pistol until he shot at the tree, and saw no more of it until they reached the river. This being all the evidence, the defendant requested the court to charge the jury, in writing, as follows : "No. 2. That a pistol is not concealed, unless it is hid from the ordinary observation of those who are in a position to see it, if it were not concealed." This charge the court refused to give, and defendant excepted. The defendant was convicted, and appealed to this court, assigning as error, the refusal to give the charge above recited.

AIKEN & MARTIN, for appellant.—The charge should have been given as a general proposition of law, but especially under the facts of this case was it proper. The jury might properly have inferred from the evidence, that the defendant carried the pistol in the pocket of his pantaloons, with the breech exposed to view. The only witness testified that he was never in front of the defendant. *Jones v. State*, 51 Ala. 16, is very similar to the case at bar.

H. C. TOMPKINS, Attorney-General, for the State. (No brief on file.)

STONE, J.—The first charge asked is evidently incomplete, and we will not consider it. It is entirely true that if a pistol is so carried as that persons about the defendant can see it with ordinary observation, then it is not concealed within the meaning of the statute. To constitute the offense denounced by the statute, the pistol must be so carried or worn, as that persons near enough to see it, if not concealed or hidden, cannot see it. Charge No. 2, requested by the defendant and refused by the court, was evidently intended to assert this proposition. The question is, does it express the idea with sufficient clearness, to relieve it from the imputation of involvement or obscurity.—1 Brick Dig. 344, § 130 ; *Bell v. Troy*, 35 Ala. 184 ; 1 Brick. Dig. 339, §§ 59, 60, 61. To authorize a reversal for a refusal to charge as requested, it is not always enough that the request asserts a legal prop-

[Adams v. The State.]

osition, correct in itself. It must be correct, in reference to the evidence in the case. Charges should be based on the tendencies of the testimony.—*Martin v. Hill,* 42 Ala. 108 ; *Ross v. Pearson,* 21 Ala. 473.

Construing the charge requested by the principles stated above, we think its tendency was to confuse and mislead the jury. Few men, not members of the legal profession, would readily understand the charge as asked, to express the simple definition of concealment, as given above. It would require reflection and close examination, to detect its scope. In addition to this, to justify the defendant's acquittal, it was necessary that the pistol should be so worn or carried, as that persons near enough to see it if not hidden, could see it with ordinary observation. It was not enough that it could be seen, when the defendant took off his coat, or, by some accident, the skirt of the coat was so displaced as to expose it to view. We think the charge, if given, had a tendency to mislead the jury in this respect.—*Duvall v. The State,* 63 Ala. 12.

Affirmed.