# Kendrick *v.* Cunningham.

### *Assumpsit.*

(Decided November 25, 1913. 63 South. 797.)

1. *Frauds; Statute of; Necessity of Pleading.*—One who would claim the benefit of the statute of frauds is under the necessity of specially pleading it, and it is error to exclude evidence of a parol agreement on the ground that it tends to show a violation of the statute of frauds, in the absence of such a plea.

2. *Sales; Goods Furnished to Another.*—In an action against a defendant for goods furnished on orders of a corporation to its employees a charge was improper which asserted that unless the jury were reasonably satisfied that the goods were furnished by plaintiff to defendant at defendant's request, they could not find against him, as plaintiff would be entitled to recover, although he did not furnish the goods to defendant himself, if they were furnished at his request.

3. *Appeal and Error; Harmless Error; Evidence.*—Where a witness is subsequently permitted to prove a fact without objection, any previous error in excluding such fact is rendered harmless.

4. *Witnesses; Impeachment; Prior Conviction.*—A witness having admitted that he had formerly pleaded guilty in the Federal Court to counterfeiting, was not entitled to testify in rebuttal that at the time he passed the spurious money, he did not know that it was spurious, as such evidence would constitute a collateral attack upon the judgment of conviction.

[Kendrick v. Cunningham.]

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Assumpsit by W. J. Kendrick against E. O. Cunningham. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The court gave at the request of defendant the following charge: "(4) Unless the jury are reasonably satisfied from the evidence in this case that goods, wares, and merchandise were furnished defendant by plaintiff at the request of defendant, you canont find a verdict against defendant for goods and merchandise as claimed in the fourth count of the complaint."

DAVIS & FITE, for appellant. Counsel discuss assignments of error relative to evidence, but without citation of authority. Counsel also discuss the charges given and refused, but without citation of authority.

RAY & COONER, for appellee. Counsel discuss the evidence, and the assignment of errors based thereon, but without citation of authority. They insist that on the authority of *Edmondson v. Land Co.*, 128 Ala. 589, and *Heninburg v. State*, 153 Ala. 13, charge 4 was properly given. They discuss the other charges, but without citation of authority.

THOMAS, J.—The appellant, who was plaintiff in the court below, brought suit, declaring on a promissory note, on an account, on account stated, and for goods, wares, and merchandise; all the four counts relating to the same cause of action. The errors here assigned by him relate only to the action of the trial court in excluding or rejecting certain evidence offered by him and in giving certain written charges at the request of the defendant.

The appellant's contention as to whom he granted the credit (whether exclusively or only collaterally to the defendant), forming the consideration of the obligations sued on, is not very clear in some material particulars. Putting together, however, his disconnected statements as to this matter found in the bill of exceptions, we are probably safe in stating this much: He was a merchant at Kansas, Ala., at the time of the transactions between him and the defendant, and the defendant was in charge of and working a coal mine near said place under the name of the Douglass Coal Company, a corporation, of which he was superintendent and in whose name there were issued checks and orders for merchandise, we suppose, in payment of the labor at the mines. Prior to the particular transaction here involved, the plaintiff had been honoring in merchandise these checks and orders of the coal company that came to his store; but he says he had had some trouble in getting his money from the company and declined to fill any more of them until he had an agreement with the defendant that he (the latter) would be individually responsible for the merchandise." After this agreement, further checks and orders of the company were honored in merchandise by the plaintiff to the extent of $229, when they were surrendered to the defendant, and he, not having the present means with which to pay, gave his individual promissory note therefor, which is declared on in the first count of the complaint; the other counts being, as before stated, the common counts for these same goods testified to have been sold and delivered to another on the order and checks of the coal company at defendant's request. The defendant denied making any agreement with or promise to the plaintiff to be individually responsible for the merchandise that the latter might furnish on the coal company's checks or

[Kendrick v. Cunningham.]

orders, and denied the execution of the note sued on and the surrendering to him of the company's checks and orders as claimed by the plaintiff, asserting, in effect, that the note sued on was a forgery. There was verdict and judgment for defendant.

During the course of his examination, the plaintiff, as a witness for himself, was asked by his counsel this question, "What agreement did you make with him [the defendant]?" meaning thereby to inquire, we infer from the connection, what agreement the plaintiff made with the defendant with respect to honoring in merchandise the checks and orders of the coal company. The court overruled the objection of defendant's counsel to this question and permitted the witness to answer, whereupon he said: "I agreed if he [defendant] would be individually responsible I would let him have the merchandise." The court then, on motion of defendant's counsel, excluded this answer; the grounds of the motion being that the testimony was irrelevant, incompetent, and immaterial and showed a promise on the part of the defendant to answer for the debt, default, or miscarriage of another and was not in writing. This agreement (if such was made) was certainly material and relevant to the issues involved, if for no other reason, in that it formed the support for the second, third, and fourth counts of the complaint, without which neither of them could be maintained because of want of a request from defendant to plaintiff to furnish the merchandise for the benefit of another, the coal company. Whether or not the agreement was void, as being obnoxious to the statute of frauds, because not in writing, depends upon whether the obligation on the part of the defendant was original or merely collateral to that of the coal company, whose checks and orders were honored by the plaintiff in letting out the merchandise.

[Kendrick v. Cunningham.]

If the plaintiff granted the credit exclusively to the defendant under an agreement with defendant to that end, then the obligation on the part of the defendant was an original one, and the law does not require the agreement to have been in writing, although the checks and orders of the coal company were taken up as honored and kept by the plaintiff to surrender to the defendant and submit to him in verification of the plaintiff's account against the defendant for the merchandise. On the other hand, if the plaintiff granted any part of the credit to the coal company or looked to them in the least for payment of these checks and orders, or if he treated such checks and orders as an obligation from the coal company belonging to him rather than as belonging to defendant and as mere evidence in plaintiff's hands of the extent of his account against the defendant for the merchandise furnished on them, looking to the defendant for the payment of them only in the event the coal company failed to do so rather than looking to the defendant at all events for the payment of the account for merchandise furnished on them, then the defendant's obligation would be collateral to that of the coal company and would have to be in writing in order to meet the requirement of the statute of frauds. —*Webb v. Hawkins Lumber Co.*, 101 Ala. 630, 14 South. 407; *Clark v. Jones,* 87 Ala. 474, 6 South. 362; *Boykin v. Dolande,* 37 Ala. 577. As to which was the fact, it is not clear from the plaintiff's meager testimony, the only evidence offered on the subject, which is probably consistent with either theory. In the absence of satisfactory evidence to the contrary, the natural presumption would be that, if the defendant merely promised to be responsible for or stand good for merchandise furnished in honoring or cashing the written checks and orders of another person, he agreed to do so only in a

collateral capacity, since such checks and orders in themselves import on their face a primary and original obligation on the part of the party giving them to the party honoring them.

However this be, the court was in error in excluding, on motion of defendant, the answer of the plaintiff hereinbefore set out, for the simple reason that, even granting that it showed an agreement in violation of the statute of frauds, it nowhere appears in the record that the defendant had on file any plea setting up and claiming the benefit of such a defense.—*Webb v. Hawkins Lumber Co.*, 101 Ala. 632, 14 South. 407; *Strouse v. Elting*, 110 Ala. 132, 20 South. 123; 9 Ency. Pl. & Pr. 705, 706.

But this error was without injury, since it appears that, both previous and subsequent to the exclusion of this answer of the witness, the same witness, during the course of his examination, stated practically the same fact without objection, which statement remained in evidence for the consideration of the jury.—*Powell v. State*, 5 Ala. App. 75, 59 South. 530.

The defendant's counsel on cross-examination elicited from the plaintiff an admission that he had once been convicted in the United States courts in this state of the crime of counterfeiting, to which he pleaded guilty. In rebuttal the plaintiff's counsel sought to show by him that at the time he passed the counterfeit money, for which he was convicted, he did not know it was spurious. This fact was necessarily and conclusively determined against him by the judgment of conviction, and to permit a denial of its existence now would be allowing, in a collateral proceeding, the impeachment of a solemn judicial record. The lower court did not err, therefore, in declining to permit such testimony to be given.

The court erred in giving at defendant's request written charge No. 4, assigned here as the sixth ground of error, since the plaintiff would be entitled to recover on the count named although he did not furnish the goods, wares, and merchandise to defendant himself, provided he furnished them to another at defendant's request, which the proof for plaintiff tended to show he did.

There is a verbal inaccuracy, probably self-correcting, in written charge No. 5, the word "defendant" being used where the word "plaintiff" was clearly intended; but it is unnecessary to consider whether the giving of it by the court in this form was error or not, as on another trial the defect will no doubt be corrected.

For the error in giving said charge 4, the judgment is reversed.

Reversed and remanded.