(87 South. 706)
CUTCLIFF v. STATE. (6 Div. 704.) *

(Court of Appeals of Alabama. June 22, 1920. Rehearing Denied Nov. 9, 1920.)

1. HOMICIDE ☞142(5)—No VARIANCE AS TO NAME OF PERSON ASSAULTED WHERE SHE TESTIFIED THAT HER NAME WAS AS ALLEGED.

There was no variance between an indictment alleging that defendant assaulted "Mrs. W. H. C." with intent to murder her and the evidence where she testified that her name was Mrs. W. H. C., though she also testified, and there was other evidence, that her Christian name was Julia, especially where there was no question as to the actual identity of the injured party.

2. CRIMINAL LAW ☞311, 570(2)—DEFENDANT PRESUMED SANE AND MUST PROVE INSANITY BY PREPONDERANCE OF EVIDENCE.

When it is clearly proved that the offense charged has been committed by defendant, the law presumes that he was sane and imposes on him the burden of proving his special plea of insanity by a preponderance of the evidence to the reasonable satisfaction of the jury.

3. CRIMINAL LAW ☞570(2) — REASONABLE DOUBT OF SANITY DOES NOT JUSTIFY ACQUITTAL.

A reasonable doubt of defendant's sanity raised by all the evidence does not authorize an acquittal.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

William H. Cutcliff was convicted of assault with intent to murder his wife, and he appeals. Affirmed.

Black, Altman & Harris and J. K. Taylor, all of Birmingham, for appellant.

The defendant was entitled to the affirmative charge because of a variance in the name of the person alleged to have been assaulted. Section 7142, Code 1907; 61 Ala. 224; 52 Ala. 405; 53 Ala. 476; 59 Ala. 37; 52 Ala. 414; 147 Ala. 104, 41 South. 911; 134 Ala. 145, 32 South. 273. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

BRICKEN, P. J. The indictment, omitting the formal parts thereof, charged that William H. Cutcliff unlawfully and with malice aforethought did assault Mrs. W. H. Cutcliff, with the intent to murder her, etc.

That the assault by this defendant upon his wife was committed within the period covered by the indictment is not denied, nor is the serious character or nature of the assault in dispute. The defendant, however, insists that no conviction can be had in this case because of a variance between the allegation in the indictment as to the name or identity of the injured party and the proof adduced thereto on the trial of this case, and raises this question in several different ways.

There is much merit and sound reasoning contained in the well-prepared brief of the able counsel for appellant on this question. We are, however, constrained to hold adversely to their contention in this connection by virtue of the authority of Jones v. State, 181 Ala. 63, 75, 61 South. 434, and cases there cited. See, also, Will Montgomery v. State, ante, p. 469, 86 South. 132.

[1] In the instant case the name of the injured party is alleged as "Mrs. W. H. Cutcliff," and when this witness was on the stand she testified that her name was "Mrs. W. H. Cutcliff," which testimony, of itself, tends to substantiate the averment of the indictment in this respect. It is true that on cross-examination of this witness she testified that her maiden name was Julia Giles, and that her Christian name was Julia, and during the progress of the trial there was other evidence to the same effect. But the evidence is without dispute that she was the wife of W. H. Cutcliff, and that she was generally known and called by that name. Nor was there any question as to the actual identity of the injured party. In view of this evidence, we are of the opinion that the rulings of the court upon the several questions in connection with this matter were free from error. It cannot be doubted, however, that the better practice would have been for this allegation of the indictment to have contained the Christian name of the injured party, which, of course, could easily have been obtained by the grand jury while engaged in the investigation of this case.

[2] The most vital question upon the trial of this cause was upon the issue formed under defendant's plea of "not guilty by reason of insanity." This plea was interposed in addition to the plea of "not guilty" upon the arraignment of the defendant. The general rule is: Where it is clearly proven that the offense has been committed by the defendant, the law presumes he was sane at the time of its commission; in other words, the burden is upon the state, under the plea of not guilty, to prove beyond a reasonable doubt and to a moral certainty that the defendant committed the crime; and the law presumes every man to be sane. Williams v. State, 13 Ala. App. 133, 69 South. 376. The law imposes upon the defendant the burden of proving his special plea by a preponderance of the evidence to the reasonable satisfaction of the jury. McGhee v. State, 178 Ala. 4, 59 South. 573; Code 1907, § 7175.

[3] A reasonable doubt of the defendant's sanity raised by all the evidence does not authorize an acquittal. Martin v. State, 119 Ala. 1, 25 South. 255; Boswell v. State, 63 Ala. 307, 35 Am. Rep. 20. While it is possible that this rule may be criticised as not being sound and of being stare decisis in its nature, it nevertheless has been laid down as the rule prevailing in this state in the cases of Boswell v. State, supra; Ford v. State, 71 Ala. 385; Parsons v. State, 81 Ala. 577, 2 South. 854; Gunter v. State, 83 Ala. 96, 3 South. 600; Maxwell v. State, 89 Ala. 150, 7 South. 824; Fonville v. State, 91 Ala. 39, 8 South. 688; Walker v. State, 91 Ala. 76, 9 South. 87; Georgia Russell v. State, ante, p. 436, 87 South. 221; as well as in many other cases unnecessary to cite.

During the trial of this case, under the issue formed by defendant's special plea, much evidence was offered pro and con upon this question, and the court's rulings upon this evidence in numerous instances are complained of as being error. We refrain from dealing specifically with each of these rulings, for no good purpose can be thus subserved. However, the entire court has taken up and given the most careful consideration to each and every exception reserved to the rulings of the court in this connection, and we are of the opinion that no error appears in any of these rulings which injuriously affected the substantial rights of the defendant. On this question, the insanity of the defendant, the evidence was in sharp and material conflict, and it therefore became a question for the determination of the jury.

As no error of a reversible nature appears in any of the rulings of the court complained of, and as the record is free from error also, it follows that the judgment of the lower court must be affirmed.

Affirmed.

## On Rehearing.

PER CURIAM. On a former day of the present term of this court, to wit, November 9, 1920, the application for rehearing in this case was overruled. Thereafter, on November 23, 1920, a petition for writ of certiorari to this court was submitted in the Supreme Court, and on December 2, 1920, the Supreme Court denied the writ, without opinion, and on January 13, 1921, that court overruled the application for a rehearing of its former order.

Thereupon the learned counsel for appellant applied for and obtained permission to file a motion in this court that matters involved and the questions presented be again given

consideration by this court with a view to a modification of the facts stated in the opinion of this court as well as several propositions of law therein announced. While this course is unusual, the manifest earnestness of counsel in behalf of their client has induced this court to again review its opinion, and, having done so, we conclude that it must stand. In denying the writ the Supreme Court affirms the correctness of the opinion and the holding of this court on practically every question presented by the record. As stated in the original opinion, the trial of this defendant in the lower court was without error prejudicial to his substantial rights.

The judgment of affirmance must remain undisturbed, and the application for rehearing again overruled.