(96 South. 759)

## LOCKLAYER v. STATE.　(8 Div. 529.)

(Supreme Court of Alabama.　June 9, 1923.)

1. Homicide ⬅171(1)—Evidence that person present at killing had a stick was inadmissible.

Evidence that one who was among the crowd present at the killing had a stick was properly excluded, neither the person nor stick being connected with the offense.

2. Criminal law ⬅448(9)—Homicide ⬅171 (1)—Question whether deceased had time to have left the scene before defendant arrived held to call for opinion.

Where it appeared that deceased came out of a storehouse, where he and defendant and others had been, a few minutes ahead of defendant, a question whether deceased had time to have left the scene was properly excluded as calling for opinion, and because relevancy was not shown.

3. Witnesses ⬅236(4)—Question as to what happened held too broad.

In prosecution for murder, a question as to what happened, if anything, in the house just prior to the killing outside, by deceased with reference to the deceased, was too broad.

4. Homicide ⬅171(1)—Defendant's testimony that he stayed in the house long enough for decedent to have left properly excluded.

In prosecution for murder, defendant's testimony that he stayed in the house long enough for decedent, who had gone outside, to have left the premises, was properly excluded, as it implied a duty on deceased to leave.

5. Homicide ⬅338(3)—Exclusion of testimony by defendant held harmless, the fact being otherwise established.

Any error in excluding defendant's testimony, on trial for murder, that· he stayed in the storehouse long enough after deceased went outside for deceased to have left the premises, was not prejudicial, where that fact was established by other evidence.

6. Criminal law ⬅829(5)—Refusal of requested charge on self-defense not prejudicial where covered by general charge.

Refusal of requested charge on self-defense was not prejudicial where covered by the general charge.

7. Criminal law ⬅763, 764(9)—Charge that jury were authorized to find defendant guilty of manslaughter invaded jury's province.

Instruction that the jury under the evidence were "authorized" to find the defendant guilty of manslaughter in the first degree was clearly an invasion of the province of the jury, and was properly refused.

8. Homicide ⬅300(4)—Charge on self-defense held argumentative.

An instruction that·if deceased was in the habit of carrying a pistol, and if this habit was known to the defendant, this would justify the defendant to be more prompt in defending himself if the deceased should make a hostile demonstration toward defendant, was properly refused as argumentative.

9. Homicide ⬅300(12)—Instruction on self-defense properly refused as ignoring elements.

A requested instruction that, if it reasonably appeared to accused to be necessary for his own defense to commit a homicide, he is excusable, though he was misled without his own fault as to the necessity for such extreme measures, and the danger apprehended did not exist, was faulty in affirming that the killing was excusable, upon the predicate alone that it reasonably appeared to the accused that it was necessary for his own defense, and as ignoring other elements and failing to define the circumstances constituting a necessity for killing.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Dale Locklayer was convicted of murder in the first degree, and appeals. Affirmed.

Charges 10 and 11, refused to defendant, are as follows:

"(10) If Henry Owen was in the habit of carrying a pistol, and if this habit was known to the defendant, this would justify the defendant to be more prompt in defending himself

─────────
⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

if the said Henry Owen should make a hostile demonstration toward defendant.

"(11) If it reasonably appeared to accused to be necessary for his own defense to commit a homicide, he is excusable, though he was misled without his own fault as to the necessity for such extreme measures, and the danger apprehended did not exist."

G. O. Chenault, of Albany, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SOMERVILLE, J. The defendant was convicted of murder in the first degree, and sentenced to imprisonment for life.

[1] The trial judge properly excluded testimony that one Gibson, who was among the crowd who were present at the time and place of the killing, had a stick; it not appearing that Gibson or the stick had any connection with the killing.

[2] It appeared without dispute that the deceased came out of the storehouse where he and the defendant, and a number of other people, had been, two or three minutes ahead of the defendant. Defendant's counsel asked a witness, who saw the killing and who had so testified, whether deceased, if he had gone on off when he went out there, would have had time to go away from the place before defendant came out. This question was properly excluded because it called for the opinion of the witness merely, and also because its relevancy was not apparent.

[3] Defendant's question to his witness, Etta Baker. "What happened, if anything in the house [just prior to the killing outside] by Henry Owen [the deceased] with reference to the defendant?" was properly excluded, since the answer might have included any sort of irrelevant matter. The question was too broad.

[4, 5] Defendant testified that he "stayed in the house time enough for this man [the deceased] to go on off"; that is, before he went out himself. This statement was properly excluded because of its obvious implication that the deceased was under a duty to leave, or that his failure to leave was the cause of the killing. Moreover, the undisputed evidence showed that the deceased had ample time to have gotten away before defendant came out of the house, and the exclusion of defendant's statement to that effect could not have been prejudicial.

"Any conversation" had by defendant with the woman Etta Baker, just before the killing, was incompetent, and was properly excluded.

There was no error in the oral charge given to the jury. The parts excepted to stated elementary propositions as to the law of malice and self-defense.

[6] Charge No. 8, on the right of self-defense, was fully covered by the general charge, and its refusal was not prejudicial error.

[7] Charge No. 9, instructing the jury that under the evidence they were "authorized" to find the defendant guilty of manslaughter in the first degree, was clearly an invasion of the province of the jury, and was properly refused.

[8] Charge No. 10 was both argumentative and abstract, and was therefore properly refused.

[9] Charge No. 11 was faulty in affirming that the killing was excusable, upon the predicate alone that it reasonably appeared to the accused that it was necessary for his own defense. This ignored the other essential elements of self-defense, and also failed to define the circumstances constituting a necessity for killing. The charge was properly refused.

We find no error in the record, and the judgment of conviction will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.