## BIRMINGHAM FINANCE CO. v. BARBER.
### (6 Div. 228.)

(Court of Appeals of Alabama. April 8, 1924.)

1. **Pleading ⬅⬆53(2)—Petition containing two counts relating to same transaction not demurrable for misjoinder.**

A petition was not demurrable for misjoinder of counts for damages for giving plaintiff's employer notice of void assignment of wages, and for interest paid on a loan, where it alleged, in the second count, that the money sued for related to the same transaction described in first count.

2. **Appeal and error ⬅⬆230—Objection and exception in open court to excerpt from oral charge necessary.**

The appellate court is not authorized to review an exception to an excerpt from the court's oral charge, unless objection was made and exception taken in open court, before the jury retired.

3. **Appeal and error ⬅⬆721(1)—Refusal of instruction as to liability of members held not prejudicial to partnership.**

In an action for damages against a partnership, and its members individually, defendant's appeal being joint, with no separate assignments of error, refusal of an instruction that, if the jury believed the evidence they should find for defendants as individuals, was not prejudicial to the partnership.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Russell J. Wilkinson against the Birmingham Finance Company, a partnership composed of E. L. Wright and George Rosenbush, with intervention by Arlie Barber. Judgment for intervener, and defendants appeal. Affirmed.

Count A claims of the defendants $10,000 as damages, for that defendants held a paper purporting to be an assignment to them by plaintiff of wages due him by his employer to secure a loan upon which plaintiff agreed to pay and defendants to accept interest at the rate of 10 cents on the dollar each two weeks; that the instrument securing the loan failed to state therein that it was for a loan or the rate of interest charged; that said instrument was. void, and defendants' agents or employés, acting in the line and scope of their employment, and with knowledge that the instrument was faulty, caused same or notice thereof to be served upon plaintiff's employer, with knowledge that such act would probably cause plaintiff's discharge, and as a proximate consequence plaintiff was discharged, to his damage, etc.

Count B is as follows:

"Count B. Plaintiff claims of the defendant the sum of $130 due from defendants for money on terms May 10, 1921, had by the defendants to the use of the plaintiff, which sum of money,

together with the interest thereon, is still unpaid. Plaintiff alleges that the money here sued for is interest paid upon the loan described in count A of this complaint, and relates to the same subject-matter as there set out."

By plea defendants set up the fact of settlement by and with the plaintiff. Appellee Barber filed his petition to intervene, setting up that he was the attorney for plaintiff filing the suit in question; that the settlement pleaded was without his consent; that he had an agreement with plaintiff by which he was to receive as his fee a stated proportion of any amount recovered or settled for; and that his fee or lien has not been paid or satisfied.

Charge 5, refused to defendants, is as follows:

"5. The court charges the jury that if you believe the evidence you will find for the defendant E. L. Wright and George Rosenbush as individuals."

There was verdict and judgment for intervener against "the defendants."

D. D. Trimble, of Birmingham, for appellants.

Actions ex delicto and ex contractu cannot be joined, unless they arise out of the same transaction or relate to the same subject-matter. Code 1907, § 5329; Mecklin v. Deming, 111 Ala. 159, 20 South. 507; Joseph v. Henderson, 95 Ala. 213, 10 South. 843. A judgment against the partnership only binds the partnership property and the property of individual partners upon whom judgment is obtained. Savage v. Walshe, 26 Ala. 619; McCaskey v. Pollock, 82 Ala. 174, 2 South. 674; Baldridge v. Eason, 99 Ala. 516, 13 South. 74; Dollins v. Pollock, 89 Ala. 351, 7 South. 904.

Nesbit & Sadler, of Birmingham, for appellee.

There was no misjoinder of actions. Hines v. Laurendine, 17 Ala. App. 350, 84 South. 781. Refusal of the affirmative charge to individual members was only available to them.

SAMFORD, J. [1] The demurrer to the complaint on the ground of a misjoinder is not well taken. The complaint itself alleges that the money sued for in count B relates to the same transaction as is set out in count A. Hines v. Laurendine, 17 Ala. App. 350, 84 South. 780.

[2] Before we would be authorized to consider an exception to an excerpt from the court's oral charge, it must be made to appear by the bill of exceptions, that the objection was made and the exception was taken, in open court and before the jury retired to consider its verdict. This does not so ap-

pear in the record. Moreover the judge by subsequent explanation cured any possible error that might have been in the excerpt excepted to.

[3] E. L. Wright and George Rosenbush were both defendants, parties to the suit; the appeal was joint, and no separate assignments of errors appear as to these defendants. The partnership could not complain at the refusal of charge 5, and, if the refusal of this charge was error, such ruling was not' prejudicial to the partnership. 1 Mitch. Dig. 467, p. 721 (1).

We find no error in the record, and the judgment is affirmed.

Affirmed.