(106 So. 621)

**DINKINS v. STATE. (6 Div. 856.)**

(Court of Appeals of Alabama. Dec. 15, 1925.)

1. **Homicide** ⟜142(5)—**No variance as to name of person assaulted with name shown by proof where he testified that he was called by either name.**

There was no variance between an indictment alleging that defendant assaulted "Gese" Parker with intent to murder, though evidence showed that "Gise" Parker was the injured party, where injured party testified that he was called by either name, and names being idem sonans, and question of identity of injured party not being in controversy.

2. **Names** ⟜16(1)—**No variance for mere error in spelling of name or use of nickname.**

A mere error in spelling of a name or use of a nickname is no variance; it being sufficient if names be idem sonans.

3. **Witnesses** ⟜317(2)—**Jury not justified in rejecting all of witness' testimony because testifying falsely to any material fact.**

A jury is not justified in rejecting all testimony of a witness for testifying falsely to any material fact in the case, unless such witness willfully testified thus.

4. **Criminal law** ⟜1088(6)—**Motion for new trial not considered by reviewing tribunal where appearing in record only.**

Motion for new trial appearing in record only is not presented for consideration of reviewing tribunal.

Appeal from Circuit Court, Jefferson County; W. E. Fort, Judge.

Ben Dinkins was convicted of assault to murder, and he appeals. Affirmed.

Charge 1, refused to defendant, is as follows:

"I charge you that if you believe any witness testified falsely to any material fact in this case, you may disbelieve all of said witness' testimony."

C. J. Griffith, of Birmingham, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J. [1, 2] But one exception was reserved to the ruling of the court upon the trial of this case, and there is no merit in the contention made in this connection. The exception referred to was reserved to the ruling of the court upon the motion of defendant to exclude the testimony of state witness Parker, "on the ground that the indictment read that Gese Parker was the one that was stabbed, and that the defendant here is charged with stabbing Gise Parker." The motion, as stated, is barely intelligible. However, if it was intended to predicate the motion on the ground of a variance in the

allegation and proof as to the name of the alleged injured party, it cannot prevail, for the only testimony bearing upon this question is that given by Parker himself; and, while he stated that "I spell my name Gise, I have been called Gese plenty of times; practically all the people pronounce my name Gese; I am generally called by the name of Gese, and I answer by that name." As stated, there was no conflict in this evidence, so without dispute it manifestly appears there was no variance in the proof and allegation. Nor was the question of the identity of the injured party in controversy. Cutcliff v. State, 17 Ala. App. 586, 87 So. 706; Clements v. State, 19 Ala. App. 640, 99 So. 832. Moreover, a mere error in spelling of a name, or the use of a nickname, is no variance. If the names be idem sonans, it is sufficient. There are no set rules for spelling names, and if the letter "i" in the name here under discussion be given the sound of "i" as in machine, the result would be that the phonetic soundings of the name would be the same.

[3] Refused charge 1 is not the law; therefore this charge was properly refused. The vice of the charge is that it fails to state that if you believe from the evidence that any witness *willfully* testified falsely, etc. The other refused charges, being affirmative in their nature, were properly refused. The defendant was not entitled to the affirmative charge under the evidence in this case.

[4] The motion for a new trial appears in the record only, and is therefore not presented for our consideration. Benton v. State, 16 Ala. App. 192, 76 So. 476.

The judgment of the lower court is affirmed.

Affirmed.