(110 So. 407)

## PRINCE v. STATE.   (2 Div. 899.)

(Supreme Court of Alabama.   Nov. 18, 1926.)

**1. Witnesses** ⊜⟹404—Where defense witness testified to admissions of state witness that son of deceased bribed him to claim ownership of pistol, and denied that he stated to C. that state witness owned pistol, he may be contradicted by C.'s testimony of such statement.

Where state's witness testified that pistol found by deceased was borrowed from him after the murder, and defendant's witness testified that state's witness told him that he was offered money to swear that the pistol was his, and that witness was offered money by deceased's relatives, to tell about the pistol, and that he had not told C. that the pistol belonged to state's witness, C. might testify to such statement, ownership of pistol being material, and proper predicate being laid.

**2. Criminal law** ⊜⟹450—In murder case, question whether defendant was trying to get off, held to call for conclusion, opinion, and intent of defendant, and to invade province of jury.

In murder case, question whether defendant was trying to get off, *held* inadmissible, since calling for conclusion, opinion of witness, and intent of defendant, and invading province of jury.

**3. Homicide** ⊜⟹300(12)—Charge to acquit of murder, in event of reasonable doubt as to self-defense, was erroneous in omitting reference to consideration of evidence.

Charge to acquit of murder, in event of reasonable doubt as to whether defendant acted in self-defense, was properly refused, because leaving out, "arising out of the evidence or upon a consideration of the evidence."

**4. Homicide** ⊜⟹300(15)—Charge to acquit of murder, if defendant was in danger and not aggressor, was erroneous in omitting element of retreat.

Charge to acquit of murder, if defendant was in danger of grievous bodily harm and was not the aggressor, was properly refused because leaving out the element of retreat in self-defense.

**5. Criminal law** ⊜⟹829(1)—Refusing written charge covered by oral charge is proper (Code 1923, § 9509).

Written charge, fully and substantially covered by oral charge, is properly refused, in view of Code 1923, § 9509.

**6. Criminal law** ⊜⟹789(15)—Charge to acquit of murder unless evidence excluded every reasonable supposition except guilt was erroneous in using "supposition."

Charge to acquit of murder unless evidence excluded every reasonable supposition but that of guilt, was properly refused because using word "supposition."

**7. Criminal law** ⊜⟹829(5)—Homicide ⊜⟹300(14)—Charge on self-defense, not predicated on evidence, ignoring element of peril creating bona fide belief, and covered by oral charge was properly refused.

Charge on self-defense to acquit of murder, if defendant had reasonable grounds for believing deceased had design against life and did overt act to accomplish it, and defendant could not reasonably have retreated without apparent danger, and did not begin difficulty, was properly refused because not predicated on evidence, ignoring element of self-defense as to impending peril creating bona fide belief in necessity of killing, and fully covered by oral charge.

Appeal from Circuit Court, Wilcox County; H. F. Reese, Judge.

Willie Prince, alias McMillan, was convicted of murder in the second degree, and he appeals. Affirmed.

These charges were refused to defendant:

B. The court charges the jury that, if they have a reasonable doubt as to whether or not the defendant acted in self-defense, they should acquit him.

C. The court charges the jury that, if they believe from the evidence in this case that the defendant was in danger of losing his life or of suffering grievous bodily harm at the time he fired upon deceased, and that the defendant was not the aggressor, they should acquit him.

E. I charge you, gentlemen of the jury, you must find the defendant not guilty, unless the evidence excludes every reasonable supposition but that of guilty.

F. The court charges the jury that if the defendant had reasonable grounds for believing that the deceased had a felonious design against his life, and, before defendant shot deceased, deceased did an overt act as though to accomplish such design, and defendant could not reasonably have retreated without apparent danger, and defendant did not begin the difficulty, the jury should acquit him.

P. E. Jones and Sam Lee Jones, both of Camden, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

A question calling for the conclusion and opinion of the witness is objectionable. Lambert v. State, 208 Ala. 42, 93 So. 708. Charge B, refused to defendant, is bad. Rikard v. State, 209 Ala. 480, 96 So. 412. Charge C ignores the duty to retreat. Charge E is bad for use of the word "supposition." Smith v. State, 197 Ala. 193, 72 So. 316. Charge F is not predicated upon the evidence, and ignores the doctrine that defendant must have been in imminent danger of losing his life or suffering grievous bodily harm.

MILLER, J.   Joe Pritchett was killed by Willie Prince by shooting him with an army

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rifle. The ball went through his body from the front to the rear. They were at the time near and in front of the house of Sam Green, in Wilcox county. This was two or three months before the grand jury convened in April, 1926. Willie Prince was indicted by the grand jury on the 28th of April, 1926, and was tried for the offense of murder in the first degree, and was convicted by the jury of murder in the second degree. His punishment was fixed at 25 years' imprisonment in the penitentiary, and on the 4th of May, 1926, he was duly sentenced by the court, which was on that day suspended, pending his appeal taken to this court.

The transcript was filed here on October 26, 1926, and the cause was submitted on briefs on October 28, 1926, for the consideration of this court.

The defendant and deceased met at Sam Green's house at night. They commenced quarreling and abusing each other. Sam Green directed both to leave his house and yard. They did. Soon thereafter a shot was fired from the rifle. Joe fell, shot through the body, and soon died. A pistol was found on the ground the next morning near where Joe was killed. There was evidence that Joe had a pistol in his hand when defendant shot him; and there was some evidence tending to show he had no pistol. The pistol found on the ground was introduced in evidence by the defendant. Arthur Goree, witness for the defendant, testified it was his pistol and that he loaned it to Joe Pritchett in the summer of 1925, and it had never been returned to him. West Byrd, witness for the state, testified that this pistol belongs to him, that the night Joe Pritchett was shot, between 1 and 2 o'clock, Jake Prince, brother of the defendant, and Jim Prince, son of the defendant, came to his house and borrowed this pistol.

[1] Fred Pruitt, defendant's witness, testified that West Byrd told him that Willie Pritchett, son of the deceased, had offered him money to swear that this was his pistol. This witness (Fred) stated that Willie Pritchett and George Davis offered to pay witness $7, if "I will tell about the pistol," and he "told them to give him the money first." He also stated that he did not tell Mr. Capell that this was West Byrd's pistol.

"I have never seen that pistol. I did not tell Mr. Capell that West Byrd was the man they got the pistol from."

The court did not err in permitting the state to prove by Mr. Capell that:

"Fred Pruitt told him that West Byrd was the man they got the pistol from."

It was material to show who owned the pistol that was introduced in the evidence; and, if it belonged to West Byrd, it would tend to show, in connection with the other testimony, that the brother and son of the defendant borrowed it after the shooting and placed it on the ground to make it appear that deceased had a pistol at the time of the shooting. A proper predicate had been laid for this testimony, and it was a direct contradictory statement made by Fred Pruitt.

[2] Sam Green, witness for the state, was asked by the defendant on cross-examination this question:

"At the time that this shot was fired, was Willie Prince, the defendant, trying to get off?"

This calls for a conclusion, an opinion of the witness, and the intent of the defendant, and the court did not err in sustaining the state's objection to it. It invaded the province of the jury. The witness should detail the circumstances and facts and let the jury decide whether the defendant was trying to retreat or get off at the time he shot deceased. Lambert v. State, 208 Ala. 43, h. n. 5, 93 So. 708.

The court did not err in overruling motion of the defendant to exclude the evidence because the state had failed to make out a prima facie case, nor did the court err in refusing the general affirmative charge of not guilty, with hypothesis, requested in writing by the defendant.

There was ample testimony in the record showing, if believed by the jury, that the defendant killed Joe Pritchett unlawfully and under such circumstances as to constitute murder in the first degree, murder in the second degree, or manslaughter in the first degree, as charged in the indictment.

[3] Written charge lettered B, requested by the defendant, was properly refused by the court. It leaves out, "arising out of the evidence or upon a consideration of the evidence." Rikard v. State, 209 Ala. 480, h. n. 4, 96 So. 412.

[4] Written charge C of defendant leaves out the element of retreat in self-defense, and the court did not err in refusing it. Jackson v. State, 77 Ala. 18, h. n. 6.

[5] Written charge D, requested by the defendant and refused by the court, is fully and substantially covered by the clear, correct, and comprehensive oral charge of the trial judge to the jury. Section 9509, Code of 1923.

[6] There was no error in refusing written charge E, requested by the defendant, because it used the word "supposition." Such a charge has been condemned by this court. Smith v. State, 197 Ala. 193, h. n. 15, 72 So. 316.

[7] The defendant's written charge F was properly refused. It is not predicated on the evidence; it ignores the element of self-defense as to present impending peril to life, or of great bodily harm, either real or so apparent as to create the bona fide belief of an existing necessity; and the principle of law

attempted to be stated therein was fully covered by the general oral charge of the court to the jury. Section 9509, Code of 1923; Jackson v. State, 77 Ala. 18, h. n. 6; Davis v. State, 188 Ala. 59, h. n. 12, 66 So. 67; Rikard v. State, supra.

The record is free from error, and the judgment is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.