(110 So. 694)

BROWN v. STATE. (5 Div. 647.)

(Court of Appeals of Alabama. Dec. 14, 1926.)

1. Criminal law ☞1144(13)—Where bill of exceptions does not set out all evidence, refusal of affirmative charge will be presumed warranted by evidence.

Where affirmative charge is refused, and bill of exceptions does not purport to contain or set out substantially all evidence, presumption is indulged that there was other evidence adduced to justify action of trial court.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1 Ante, p. 600.

**2. Criminal law ⬤⟳753(2)—Affirmative charge should not be given, where there is any evidence tending to make case against party who asks it.**

Where evidence presented jury question, court could not direct verdict, since affirmative charge should never be given, when there is any evidence, however weak and inclusive it might be, tending to make case against party asking it.

**3. Criminal law ⬤⟳1043(2)—General objection to evidence not patently illegal or irrelevant presents nothing for review (rule 33, Circuit and Inferior Court Rules).**

Where evidence sought to be introduced was not patently illegal or irrelevant, a general objection, stating, "I object," was not sufficient to authorize review of court's action on rulings, in view of rule 33, Circuit and Inferior Court Rules (Code 1923, p. 906).

**4. Homicide ⬤⟳268—Evidence in prosecution for assault with intent to murder held sufficient to go to jury.**

In prosecution for assault with intent *to commit* murder, circumstantial evidence shown *held* sufficient to go to jury.

**5. Homicide ⬤⟳164—Refusal to permit defendant, in prosecution for assault with intent to murder, to testify to his age, held not reversible error.**

In prosecution of defendant for assault with intent to murder his wife, refusal to permit defendant to testify as to his age *held* not reversible error, especially where defendant took stand as witness and was observed by jury, and under issues involved this was not important.

**6. Criminal law ⬤⟳633(1)—Accused has no right to demand or expect more than a fair and impartial trial.**

Where accused was accorded a fair and impartial trial, such as the law contemplates, he had no right to demand or expect more.

Appeal from Circuit Court, Randolph County; N. D. Denson, Judge.

Bill Brown was convicted of assault with intent to murder, and he appeals. Affirmed.

D. T. Ware, of Roanoke, for appellant.

The relative ages of parties to a difficulty are admissible in evidence. Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17; Baker v. State, 209 Ala. 142, 95 So. 467.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant, defendant below, was indicted, tried, and convicted for the offense of assault with intent to murder; the alleged intended victim being his wife, Mamie Brown, with whom he was not living at the time.

The undisputed evidence in this case disclosed that the injured party, Mamie Brown, estranged wife of the defendant, was at the home of one Bill Mickle about 10 o'clock at night in the month of August, 1925, and that some one from the outside of the house shot her through the arm; that the defendant lived alone in a house by himself, and lived something more than a mile from Mickle's house, where the shooting occurred. The evidence was circumstantial, and the defendant strenuously denied that he did the shooting.

[1, 2] The affirmative charge was requested on behalf of the defendant and was refused by the court. There are two reasons why the court's action in this respect must be approved. First. The bill of exceptions does not purport to contain, or set out all, or substantially all, of the evidence; and where this is true the presumption is indulged that there was other evidence adduced to justify the action of the trial court. Second. We are of the opinion that the evidence in this case presented a jury question, and where this is true the court is without authority to direct a verdict. The rule often announced is that the general or affirmative charge should never be given, when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. Suttle v. State, 19 Ala. App. 198, 96 So. 90.

The remaining points of decision, involved upon this appeal, consist of certain purported exceptions to the rulings of the court upon the admission of the testimony. In each instance, as shown by the record, these exceptions were abortive, and were not reserved in such manner as to be considered error upon appeal. The rule expressly provides, when in the progress of the trial of any cause, in a court of original jurisdiction, objection and exception are reserved to the introduction of testimony that is not patently illegal or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified. The rule also provides that in all cases the presiding judge, before ruling on any objection to testimony, may call on counsel to specify the grounds on which it is rested; and the appellate court, in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified. Bush v. State, 19 Ala. App. 650, 100 So. 307.

[3] In the instant case counsel for defendant, when interposing objection, in nearly every instance contented themselves by only stating, "I object." Rule 33, Circuit and Inferior Court Rules, 4 Code 1923, p. 906, above stated, provides that, if the evidence sought to be introduced is patently illegal or irrelevant, a general objection thereto will suffice; but the usual manner of stating even a *"general objection" is upon the grounds of* being "illegal, immaterial, incompetent, and inadmissible." Here we fail to note any of the evidence offered as coming within the

exception to the rule. But, pretermitting the question as to how the exceptions were attempted to be reserved, we have examined each ruling of the court upon the admission of the evidence, and we are of the opinion that the substantial rights of the defendant were not injuriously affected by any of them.

[4] As stated, the evidence was circumstantial, so far as the guilty agency of the accused was concerned, but it was sufficient to carry the case to the jury. The corpus delicti was fully proven. There was some evidence from which a motive might be inferred. Tracks leading from defendant's home to the place of shooting and returning therefrom, to or near his home. A rifle carrying the same size bullet with which the woman was shot, and which had been recently fired, was found in defendant's room where he was sleeping. Cartridges also similar were found in his possession. All this, coupled with other evidence of like import, convinces us, as stated, that a jury question was presented.

[5] We see no reason why the court would not allow the defendant to testify as to how old he was, but the court's failure so to do could not constitute reversible error. Moreover, the defendant took the stand as a witness, and was therefore observed by the jury, and from such inspection the jury could form an estimate of his age and physical condition, though under the issues involved this was not important.

[6] We are of the opinion that a fair and impartial trial, such as the law contemplates, was accorded the defendant. More than this he has no right to demand or expect. We discover no error of a reversible nature in any of the court's rulings; and, as the record proper is also without error, the judgment appealed from will stand affirmed.

Affirmed.