(114 So. 786)

**BEDSOLE v. STATE.** (4 Div. 274.)

Court of Appeals of Alabama. Nov. 29, 1927.

Rehearing Denied Dec. 20, 1927.

Lee & Tompkins, of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J: The evidence for the state tended to prove that the deceased was shot and killed by defendant, on a certain night about 8 o'clock, under circumstances which would have justified a verdict in a much higher degree. On the trial the state was permitted to prove, over the objection and exception of defendant, that at about 7:30 o'clock on the same night defendant purchased from one Mobley eight pistol cartridges, at the same time saying, "I will teach negroes how to swear against white people." The dead man was a negro and had testified in a case against Mort Bedsole, a white man and codefendant. The evidence was admissible as tending to show preparation on the part of defendant to do what he afterwards did do. The statement by defendant at the time of the purchase of the pistol cartridges was a part of the transaction of purchase, a declaration of his purpose against a class of which deceased was a member, and under the evidence in this case it was for the jury to say whether the threat was directed at the deceased. Monteith v. State, 161 Ala. 18, 49 So. 777; Jordan v. State, 79 Ala. 9; Montgomery v. State, 160 Ala. 7, 49 So. 902; Ford v. State, 71 Ala. 385; Morris v. State, 146 Ala. 66, 41 So. 274; Harrison v. State, 79 Ala. 29.

The witness Ross was permitted to testify to a conversation had with defendant at "Mr. McCullough's." There was objection and exception by defendant. We do not see the relevancy of this testimony, and perhaps it should have been excluded on that ground, but if there was error in the ruling there was no injury to defendant.

The defendant appears to have had a fair trial according to the forms of law. There is no error in the record, and the judgment is affirmed.

Affirmed.