(115 So. 289)

**BUTTERWORTH v. STATE.** (7 Div. 375.)

Court of Appeals of Alabama. Jan. 31, 1928.

Young & Longshore, of Anniston, and Knox, Dixon, Sims & Bingham, of Talladega, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. ■ ■ J. F. Adkisson, a witness for the state, testified that defendant, in his presence and in the presence of others, immediately after the arrest in this case had been made, admitted that the whisky thrown from the car in which defendant was riding was his whisky and that the other occupants of the car had nothing to do with it. On cross-examination, this witness testified without objection that he did not go to defendant and tell him that Chancey and Snider, two of the boys in the car, came over to his house and told him the liquor was theirs. The testimony was immaterial and hearsay, and doubtless would have been excluded on timely motion. Whether so or not being immaterial and hearsay, such testimony cannot be made the basis of impeachment of the testimony of Adkisson by proving a contrary statement to defendant at another time and place. It is only where testimony is material that it may be made a predicate for impeachment. Prince v. State, 215 Ala. 276, 110 So. 407. Moreover, in this instance, even if the testimony had been material, a proper predicate must include time, place, and in whose presence. The predicate does not comply with the rule.

The excerpts from the court's oral charge to which exceptions are reserved when taken

and considered with the general charge state the law upon the case at bar. The defendant is being prosecuted for possessing whisky, and the court so expressly and clearly charged. The excerpt was only a part of the charge upon the same subject. The other rulings of the court are so clearly free from error as not to require comment. Indeed appellant does not urge them.

The defendant has had a fair trial, free from error. Let the judgment be affirmed.

Affirmed.