25 So.2d 44

## PARSONS v. STATE.

6 Div. 228.

Court of Appeals of Alabama.

Jan. 22, 1946.

Rehearing Denied Feb. 19, 1946.

Beddow, Ray & Jones, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

This is an appeal from a judgment of conviction in the circuit court for the offense of assault with intent to murder.

It is without dispute in the testimony that Mrs. Loraine Cote, the alleged injured person, was shot four or five times with a pistol and that some of the inflicted wounds were serious in effect. The evidence for the State supported the finding that the offense was without legal excuse or justification.

Appellant's version of the occurrence is accurately stated in his counsel's brief: "He (appellant) was invited by Miss (Mrs.) Lorraine Cote to visit her room to discuss a business matter with regard to the collection of a sum of money due to him by her; that in response to that invitation he did go to her room and upon arriving, without any knowldge that she was, at that time, entertaining a male visitor, he knocked upon her door and was admitted to the room; that immediately upon his admittance to the room he was set upon by the lady's male visitor and brutally assaulted and beat about the head, and in the course of the melee was rendered unconscious; that during that time he did fire his pistol in self defense."

The prospective jurors who answered on voir dire that they were deputy sheriffs and city firemen were not disqualified. The lower court was, therefore, not in error in refusing to challenge these men for cause. Leach v. State, 245 Ala. 539, 18 So.2d 289; Title 30, Sec. 55, Code 1940.

After the solicitor had read the indictment to the jury, appellant's counsel, in reply, enumerated the charges included in the indictment and stated the defendant's plea thereto. Upon objection of the State, the lower court denied the attorney the

privilege to outline to the jury what he expected the evidence to show. We do not entertain the view that the trial judge abused his discretion to the injury of appellant in this ruling. Atlanta Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561.

The alleged assault occurred in Mrs. Cote's hotel room. Soon thereafter a police officer came and found appellant lying on the floor with bruises on his head. The officer testified that the defendant appeared to be normal with the exception of being excited and that he arose from the floor and made a statement to witness. After the usual questions to ascertain if any inducements or hope of reward, ·etc., were offered and the answers were in the negative, over the objection of counsel, the officer was permitted to state what the defendant said. The point is taken that it is not sufficiently shown that the appellant, on account of his physical injuries, was mentally capable of knowing the contents and accuracy of his statement. We cannot concur in this contention. Appellant's condition at the time was properly before the jury for its consideration in weighing the purport and significance of the statement. The court correctly ruled that sufficient predicate had been based for its admissibility. McKinney v. State, 134 Ala. 134, 32 So. 726; Fincher v. State, 211· Ala. 388, 100 So. 657; Stone v. State, 208 Ala. 50, 93 So. 706.

. A few hours prior to the time of the alleged assault the defendant, under an assumed name, rented a room on the same floor. as the room occupied by Mrs. Cote. Some. of the officers testified that soon after the shooting they searched appellant's room in the hotel and there found several articles, among them a letter and envelope addressed to Sgt. Joseph G. Cote, c/o Postmaster, Seattle, Wash. It was made known by the evidence that the sergeant was the injured lady's husband. Appellant admitted while testifying that he wrote the letter, but claimed it was done prior to the day in question. He denied he had the letter in his possession at the hotel.

The original letter and envelope are before us and are marked State's Ex. F and E respectively. The contents of the letter are:

"Brookside Ala
"June 27–44

"Dear Joseph. I reget to have to right you this but by the time you get this me and Lorine will be dead. She has treated me so dirty and you to. You will be better off without her. She is not true to you. I let her a loan a long time, till I saw her on five different times with another man. She has one she is in love with now, and I loved the girl so much but she just enjoyed punishing me. So it has to be this way. I hope you will forgive me. And I hope you the best of luck. And I hope you will find another girl that will be good to you

"I am at present E N Parsons but will be dead when you get this

"So good by and God bless you."

Over general objections and "too remote in point of time," the exhibits were allowed in evidence. We hold properly so.

In Hall v. State, 208 Ala. 199, 94 So. 59, Justice Sayre gives convincing and logical reasoning in support of our view. It is true the communications in the Hall case were written by the defendant to the deceased; nevertheless, their contents bear striking similarity to the letter of instant inquiry.

It is not denied in the evidence in the case at bar that appellant and Mrs. Cote had related themselves amorously for several years prior to the occurrence in the hotel room. Clearly, the jury was entitled to have the statements contained in the letter for consideration, along with all the other testimony in the case. In criminal cases inquiry can be made into the conduct and assertions of the defendant prior to an assault if they shed light on the motives and preparations for committing the offense. Burton v. State, 115 Ala. 1, 22 So. 585; King v. State, 19 Ala. App. 153, 96 So. 636; Cooley v. State, 7 Ala.App. 163, 62 So. 292; Bedsole v. State, 22 Ala.App. 274, 114 So. 786; Harden v. State, 211 Ala. 656, 101 So. 442.

According to the testimony of the officers, they also found in defendant's hotel room, shortly after the affray in question, another written instrument. This is before the court in the original form, marked State's Ex. G, and is as follows: "I hate to do this, Mr. Goode, but she ruined my life and she did not care for Joe."

The evidence in the case makes it clear that Mrs. Cote's father is named Goode and her husband is called Joe.

Appellant testified that he did not remember writing this letter, and its ad-

missibility is questioned by his counsel on the ground, among others, that it was not sufficiently identified as the handwriting of the defendant.

In order to show that the paper was written by the defendant and before its formal introduction, the State placed in evidence another paper which the defendant admitted was written by him. This was for the purpose of allowing the jury to make comparison between the genuine, or admitted, writing and the disputed writing to determine whether or not the latter was, in fact, written by the appellant. The lower court, over timely objections, allowed the introduction of both exhibits.

The rule of common law was changed in this State by the passage of an act at page 134, Acts 1915, now Title 7, Sec. 420, Code 1940. The rule seems now to permit the introduction of both the admitted or proven, genuine handwriting and the disputed writing to enable the jury to make comparison in an effort to ascertain the genuineness of the latter. Title 7, Sec. 420, Code 1940; Everage v. State, 14 Ala. App. 106, 71 So. 983; Hall v. State, 21 Ala. App. 476, 109 So. 847; Lambert v. State, 234 Ala. 155, 174 So. 298.

It is not amiss to here observe that C. D. Brooks, an expert on identifying handwriting, testified subsequently in the progress of the trial that, in his opinion, the writing of instant inquiry was that of the appellant. Moore v. State, 26 Ala.App. 607, 164 So. 761.

In applying the above stated rule it must not be overlooked that the introduction of the disputed document must depend on its materiality to the issues in the case. We hold that the note marked State's Ex. G is material evidence in support of the factual issues in the case. Authorities, supra.

This brings us to a consideration of the written charges refused to appellant.

The affirmative charges as to each offense included in the indictment were without question properly refused. Brown v. State, 21 Ala.App. 611, 110 So. 694.

Charges 12 and 13 omit the necessary qualifying word "willfully." Prater v. State, 107 Ala. 26, 18 So. 238; Dinkins v. State, 21 Ala.App. 206, 106 So. 621.

Charges 15 and 17 contain misleading tendencies when applied to the evidence in this case. Jackson v. State, 5 Ala.App. 306, 57 So. 594; Street v. State, 67 Ala. 87.

Charges numbered 18, 21, A-4 and A-5 do not include the elements constituting self defense. For this reason, if none other, they were properly refused. Peel v. State, 144 Ala. 125, 39 So. 251; Pounds v. State, 15 Ala.App. 223, 73 So. 127.

It is not enough that the circumstances be such as a reasonably prudent man would believe himself to be in danger of serious bodily harm or death to excuse an act in taking life in self defense, but the accused must, himself, entertain the reasonable belief of such danger. Charges 20 and 24 omit this essential hypothecation. Jimmerson v. State, 133 Ala. 18, 32 So. 141, Roberson v. State, 175 Ala. 15, 57 So. 829.

Charge 23 is abstract.

Charge C contains the vice of omitting essential elements of self defense; and, even so, the honest belief of the accused that it was necessary to take the life of his assailant must be based on that of a reasonable man. Underwood v. State, 179 Ala. 9, 60 So. 842; Locklayer v. State, 209 Ala. 605, 96 So. 759.

Refused Charge E, if not otherwise faulty, ignores the instruction of the duty to retreat. Prince v. State, 215 Ala. 276, 110 So. 407; Jones v. State, 20 Ala. App. 660, 104 So. 771.

Charge J, refused to the defendant, is almost in exact language as Charge No. 5, which was condemned in Griffin v. State, 28 Ala.App. 314, 184 So. 206.

Under the established rules that are the guides to our appellate courts, we cannot charge error to the primary court in overruling appellant's motion for a new trial. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Smith v. State, 23 Ala.App. 488, 128 So. 358.

We do not find any prejudicial error in the record, and we, therefore, order that the judgment of conviction in the court below be affirmed.

Affirmed.

On Application for Rehearing.

In the original opinion in this cause we omitted to treat a question to which appellant on application for rehearing calls our attention.

After the shooting in the hotel room, defendant was forthwith carried to a hos-

pital, where a chart was made. In response to a question by appellant's attorney a keeper of the hospital records read from the chart the following: "Patient was struck in head with pistol butt in fight this afternoon and rendered unconscious for a short time."

On motion of the State this quotation was excluded from the evidence, and defendant duly excepted.

At a subsequent time in the trial the judge made a revision in his ruling relating to the above, in which he said in part:

"Now, that means that when such a memorandum of an act or occurrence was made in the regular course of business, and it was the regular course of business to make such memorandum or record at the time of such act or occurrence, it would be admissible in evidence, but that does not authorize the admission into evidence of a hearsay statement recorded on such chart.

"Now, it is very plain to me that this statement in the chart that the defendant was hit on the head with a pistol was merely a hearsay statement reported to this doctor and recorded by him, but with reference to that last statement that he was unconscious for a short period of time, I am going to leave that with the jury. I excluded that yesterday but I am going to let that in with this explanation, that it is up to you to say whether or not that doctor was recording something he saw himself. If he was recording something that he had a personal knowledge of, that is, a personal observation of, then you are to consider it, but if you determine that he was recording something that somebody had merely reported to him, of which he had no personal knowledge, then you are not to consider it."

Immediately following appellant's counsel stated:

"We except to that instruction, and particularly to that part that if he was recording something that was reported to him they would not consider it."

■ It is doubtful whether or not the question is properly before us for review. Appellant's counsel should have first objected to the alleged offending statement of the court. If the court overruled the objection, exception should have been reserved to the ruling of the court. In the latter event, opportunity would have been afforded the judge, if he saw fit, to retract or revise his statement. Birmingham Finance Co. v. Barber, 19 Ala.App. 609, 99 So. 736.

But it is not our policy or practice to be ultra technical, so we will review the inquiry.

Insistence is made on application for rehearing that this action of the court was error to reverse because of the provisions of Sections 415 and 270, Title 7, Code 1940.

Throughout the trial in the court below it was never controverted that State's witness Valko hit appellant over the head with a pistol during the encounter in the hotel room. Both the former and Mrs. Cote testified to this fact.

■ Assuming the statement from the chart—"Patient was struck in the head with pistol butt in fight this afternoon"— should not have been excluded from the evidence and the court's comments indicated should not have been made, we cannot charge prejudicial error here.

■ The authorities support the view that it becomes a harmless error to sustain objections to a material inquiry or exclude a fact in evidence, if subsequently the matter is fully disclosed by the testimony without objection. Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 So. 85; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Kendrick v. Cunningham, 9 Ala.App. 398, 63 So. 797.

■ It is the rule, also, that it is harmless error to exclude a statement in evidence if another witness, without objections or contradictions, had given testimony to the same facts. Powell v. State, 5 Ala. App. 75, 59 So. 530.

■ If we concede—but we do not decide—that the action of the lower court in the instant inquiry was against the rules appertaining, we are convinced and do hold that appellant has not carried the burden of showing probable prejudicial harm affecting his rights. This burden is upon him. Alaga Coach Line Inc. v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Howell v. Dodd, 229 Ala. 393, 157 So. 211. See also, Williams v. State, 28 Ala.App. 481, 189 So. 81; Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

We entertained the view herein expressed when we prepared the original opinion in this cause. No reference was

made to the inquiry in appellant's initial brief. We concluded that it did not contain meritorious authoritative value; therefore, we omitted to treat the matter.

Opinion extended.

Application for rehearing overruled.